# EXHIBIT A

Property: 208
New York, NY 10010

# Rent Roll with Lease Charges

208-214 E. 25th Street LLC
As Of August 01,2022

| Unit | Type | Unit Sq Ft | Name | Lease Type | Move In Date | Lease From | Lease To | Market Rent | Charge Code | Amount | Total Monthly Charges | Resident Deposit | Legal Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 2081x1 | 0.00 | Keya Sanghavi | Fair Market | 04/15/2022 | 04/15/2022 | 05/31/2023 | 4,150.00 | rent | 4,150.00 | 4,150.00 | 4,150.00 | |
| 002 | 2084x2 | 0.00 | Scott Bova | Fair Market | 09/01/2020 | 09/01/2021 | 08/31/2022 | 0.00 | rent | 5,495.00 | 5,495.00 | 5,800.00 | |
| 004 | 2081x1 | 0.00 | Dzinh Nguyen | Rent Stabilized | 07/01/2013 | 07/01/2021 | 06/30/2023 | 0.00 | rentreg | 1,303.55 | 1,303.55 | 1,271.58 | |
| 021 | 2081x1 | 0.00 | Olufunmilayo Tejuoso | Fair Market | 06/29/2021 | 07/01/2021 | 06/30/2024 | 2,995.00 | rent | 2,995.00 | 2,995.00 | 2,995.00 | |
| 022 | 2081x1 | 0.00 | VACANT | VACANT | | | | 0.00 | | | 0.00 | 0.00 | |
| 023 | 2082x1 | 0.00 | Vijay Bharath | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 0.00 | rent | 3,195.00 | 3,195.00 | 3,195.00 | |
| 024 | 2082x1 | 0.00 | Sydney Vlasach | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 4,195.00 | rent | 4,195.00 | 4,195.00 | 4,195.00 | |
| 031 | 2081x1 | 0.00 | Cyrus Attia | Fair Market | 03/01/2021 | 03/01/2021 | 02/28/2023 | 0.00 | rent | 2,275.00 | 1,990.62 | 2,275.00 | |
| | | | | | | | | | conc | (284.38) | | | |
| 032 | 2081x1 | 0.00 | Victoria OReilly | Fair Market | 07/01/2022 | 07/01/2022 | 07/31/2023 | 3,795.00 | rent | 3,795.00 | 3,795.00 | 3,795.00 | |
| 033 | 2081x1 | 0.00 | Frances Griggs | Rent Controlled | 01/01/1950 | 01/01/1950 | 12/31/2050 | 0.00 | scrie | (85.07) | 352.60 | 0.00 | |
| | | | | | | | | | rentreg | 437.67 | | | |
| 034 | 2081x1 | 0.00 | Zachary Feig | Rent Stabilized | 02/15/2022 | 02/15/2022 | 02/28/2023 | 2,795.00 | prefrent | (886.89) | 2,795.00 | 2,795.00 | |
| | | | | | | | | | rent | 3,681.89 | | | |
| 041 | 2081x1 | 0.00 | Marta Herscu | Rent Stabilized | 03/01/2012 | 03/01/2022 | 02/29/2024 | 0.00 | rent | 1,405.20 | 1,405.20 | 1,438.50 | |
| 042 | 2081x1 | 0.00 | Thomas Reilly | Fair Market | 01/01/2021 | 01/01/2022 | 12/31/2022 | 0.00 | rent | 2,695.00 | 2,695.00 | 2,295.00 | |
| 043 | 2081x1 | 0.00 | Anna Herbolzheimer | Fair Market | 12/01/2021 | 12/01/2021 | 11/30/2022 | 0.00 | rent | 3,195.00 | 3,195.00 | 3,195.00 | |
| 044 | 2081x1 | 0.00 | Julia Heredia | Rent Controlled | 01/01/1950 | 01/01/1950 | 12/31/2050 | 0.00 | rentreg | 533.09 | 533.09 | 0.00 | |
| 051 | 2081x1 | 0.00 | Melissa Jeyaraj | Fair Market | 06/01/2020 | 08/01/2021 | 08/31/2022 | 4,250.00 | rent | 3,100.00 | 3,100.00 | 3,295.00 | |
| 052 | 2081x1 | 0.00 | Erika Schreiber | Fair Market | 10/01/2021 | 10/01/2021 | 09/30/2022 | 0.00 | rent | 3,395.00 | 3,395.00 | 3,395.00 | |
| 053 | 2081x1 | 0.00 | Avery Geehr | Fair Market | 04/15/2022 | 04/15/2022 | 04/30/2024 | 3,595.00 | rent | 3,595.00 | 3,595.00 | 3,595.00 | |
| 054 | 2081x1 | 0.00 | Jessica Pillow | Fair Market | 04/01/2018 | 04/01/2022 | 09/30/2022 | 0.00 | rent | 3,595.00 | 3,595.00 | 3,395.00 | |
| 0LE | 2081x1 | 0.00 | Brandon Cotter | Fair Market | 06/25/2022 | 06/25/2022 | 06/30/2023 | 3,250.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 0LW | 2081x1 | 0.00 | Justin Brownhill | Fair Market | 06/01/2022 | 06/01/2022 | 06/30/2023 | 3,350.00 | rent | 3,350.00 | 3,350.00 | 3,350.00 | |

**Total Amount    58,380.06**



Property: 208
New York, NY 10010

**Rent Roll with Lease Charges**

208-214 E. 25th Street LLC

As Of August 01,2022

## Summary of Charges by Charge Code (Current/Notice residents only)

| | |
|---|---|
| conc | (284.38) |
| prefrent | (886.89) |
| rent | 57,362.09 |
| rentreg | 2,274.31 |
| scrie | (85.07) |
| Total | 58,380.06 |

### Summary of Lease Types

| | |
|---|---|
| Fair Market | 15 |
| Rent Controlled | 2 |
| Rent Stabilized | 3 |
| VACANT | 1 |
| | 21 |

# Rent Roll with Lease Charges

Property: 210
New York, NY 10010

208-214 E. 25th Street LLC

As Of August 01,2022

| Unit | Type | Unit Sq Ft | Name | Lease Type | Move In Date | Lease From | Lease To | Market Rent | Charge Code | Amount | Total Monthly Charges | Resident Deposit | Legal Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01FE | 2102x1 | 0.00 | Archie Miller | Fair Market | 01/09/2021 | 02/01/2022 | 02/29/2024 | 0.00 | rent | 2,950.00 | 2,950.00 | 2,400.00 | |
| 01FW | 2101x1 | 0.00 | Ana Escalante | Fair Market | 01/01/2022 | 01/01/2022 | 12/31/2022 | 0.00 | rent | 3,495.00 | 3,495.00 | 3,495.00 | |
| 01RE | 2101x1 | 0.00 | Jared Alechman | Rent Stabilized | 08/01/2013 | 08/01/2022 | 07/31/2023 | 0.00 | rentreg | 1,442.19 | 1,442.19 | 1,463.82 | |
| 01RW | 2101x1 | 0.00 | Jennifer Rubinstein | Fair Market | 01/01/2022 | 01/01/2022 | 12/31/2022 | 0.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 02FE | 2102x1 | 0.00 | Marisa Alemany | Fair Market | 07/01/2022 | 07/01/2022 | 06/30/2024 | 4,795.00 | rent | 4,795.00 | 4,795.00 | 4,795.00 | |
| 02FW | 2102x1 | 0.00 | Hannah Beerman | Fair Market | 03/01/2022 | 03/01/2022 | 02/28/2023 | 0.00 | rent | 4,295.00 | 4,295.00 | 4,295.00 | |
| 02RE | 2102x1 | 0.00 | Fernando Puente | Rent Controlled | 01/01/1950 | 01/01/1950 | 12/31/2050 | 0.00 | scrie | (24.39) | 187.51 | 0.00 | |
| | | | | | | | | | rentreg | 211.90 | | | |
| 02RW | 2101x1 | 0.00 | Katia Nabatkhorian | Fair Market | 06/01/2022 | 06/01/2022 | 05/31/2023 | 3,250.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 03FE | 2102x1 | 0.00 | Angel Alcantara | Fair Market | 06/01/2022 | 06/01/2022 | 05/31/2023 | 4,750.00 | rent | 4,750.00 | 4,750.00 | 4,750.00 | |
| 03FW | 2102x1 | 0.00 | Dana Lane | Fair Market | 08/01/2021 | 08/01/2022 | 07/31/2023 | 3,895.00 | rent | 4,295.00 | 4,295.00 | 3,895.00 | |
| 03RE | 2101x1 | 0.00 | Fnu Abhinav Kaloch | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 0.00 | rent | 3,195.00 | 3,195.00 | 3,195.00 | |
| 03RW | 2101x1 | 0.00 | Viswesh Swaminathan | Fair Market | 12/01/2021 | 12/01/2021 | 11/30/2022 | 0.00 | rent | 3,295.00 | 3,295.00 | 3,295.00 | |
| 04FE | 2102x1 | 0.00 | Andrew Estes | Fair Market | 04/15/2022 | 04/15/2022 | 03/31/2024 | 4,395.00 | rent | 4,395.00 | 4,395.00 | 4,395.00 | |
| 04FW | 2102x1 | 0.00 | Carolyn Kirshe | Fair Market | 01/01/2021 | 01/01/2021 | 12/31/2022 | 0.00 | rent | 3,300.00 | 3,300.00 | 0.00 | |
| 04RE | 2101x1 | 0.00 | Isabella Fiore | Fair Market | 05/01/2022 | 05/01/2022 | 07/31/2023 | 0.00 | rent | 2,800.00 | 2,800.00 | 2,200.00 | |
| 04RW | 2101x1 | 0.00 | Kathryn Gaon | Fair Market | 10/31/2020 | 10/31/2020 | 12/31/2022 | 0.00 | rent | 2,670.00 | 2,670.00 | 2,545.00 | |
| 05FE | 2102x1 | 0.00 | Megan Breen | Fair Market | 11/01/2021 | 11/01/2021 | 10/31/2023 | 0.00 | rent | 4,495.00 | 4,495.00 | 4,495.00 | |
| 05FW | 2102x1 | 0.00 | Linda Mellone | Rent Stabilized | 11/01/2013 | 11/01/2019 | 10/31/2021 | 0.00 | rentreg | 789.71 | 789.71 | 789.71 | |
| 05RE | 2101x1 | 0.00 | Joseph Stillin | Fair Market | 09/01/2020 | 09/01/2021 | 08/31/2022 | 4,250.00 | conc | (266.25) | 2,928.75 | 3,295.00 | |
| | | | | | | | | | rent | 3,195.00 | | | |
| 05RW | 2101x1 | 0.00 | Steven Warner | Fair Market | 10/01/2021 | 10/01/2021 | 09/30/2022 | 0.00 | rent | 3,275.00 | 3,275.00 | 0.00 | |
| 0LE | 2101x1 | 0.00 | Amanda Ryan | Fair Market | 06/01/2022 | 06/01/2022 | 05/31/2024 | 3,350.00 | rent | 3,350.00 | 3,350.00 | 3,350.00 | |
| 0LW | 2101x1 | 0.00 | Sarah Wheeler | Fair Market | 06/15/2014 | 07/01/2022 | 06/30/2022 | 0.00 | rent | 2,795.00 | 2,795.00 | 2,275.00 | |

Total Amount    69,998.16



Property: 210

New York, NY 10010

**Rent Roll with Lease Charges**

208-214 E. 25th Street LLC

As Of August 01,2022

**Summary of Charges by Charge Code (Current/Notice residents only)**

| | |
|---|---|
| conc | (266.25) |
| rent | 67,845.00 |
| rentreg | 2,443.80 |
| scrie | (24.39) |
| Total | 69,998.16 |

**Summary of Lease Types**

| | |
|---|---|
| Fair Market | 19 |
| Rent Controlled | 1 |
| Rent Stabilized | 2 |
| | 22 |

Page : 5

# Rent Roll with Lease Charges

208-214 E. 25th Street LLC

As Of August 01,2022

Property: 212
New York, NY 10010

| Unit | Type | Name | Unit Sq Ft | Lease Type | Move In Date | Lease From | Lease To | Market Rent | Charge Code | Amount | Total Monthly Charges | Resident Deposit | Legal Status |
|------|------|------|-----------|-----------|-------------|-----------|----------|-------------|-------------|--------|----------------------|------------------|--------------|
| 001 | 212x1 | Keith Brockman | 0.00 | Fair Market | 04/01/2021 | 04/01/2022 | 03/31/2024 | 0.00 | rent | 3,595.00 | 3,595.00 | 2,625.00 | |
| 002 | 212x1 | Geraldine Fagan | 0.00 | Rent Stabilized | 08/01/2013 | 08/01/2022 | 07/31/2024 | 0.00 | rentreg | 1,644.24 | 1,644.24 | 1,603.86 | |
| 003 | 212x1 | Ashley Stahl | 0.00 | Fair Market | 09/01/2021 | 09/01/2021 | 08/31/2022 | 3,295.00 | rent | 3,295.00 | 3,295.00 | 3,295.00 | |
| 004 | 212x1 | Stephan Moran | 0.00 | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 5,495.00 | rent | 5,495.00 | 5,495.00 | 5,495.00 | |
| 005 | 212x1 | Alexia Tsimikas | 0.00 | Fair Market | 01/30/2021 | 02/01/2022 | 01/31/2023 | 0.00 | conc | (225.00) | 2,475.00 | 2,700.00 | |
|  |  |  |  |  |  |  |  |  | rent | 2,700.00 | | | |
| 006 | 212x2 | Kristen Poss | 0.00 | Fair Market | 02/01/2020 | 09/01/2021 | 02/28/2023 | 0.00 | rent | 2,625.00 | 2,333.33 | 3,895.00 | |
|  |  |  |  |  |  |  |  |  | conc | (291.67) | | | |
| 007 | 212x1 | Zachary Brenner | 0.00 | Fair Market | 07/01/2022 | 07/01/2022 | 06/30/2023 | 3,695.00 | rent | 3,695.00 | 3,695.00 | 3,695.00 | |
| 008 | 212x1 | Bianca Beres | 0.00 | Fair Market | 02/15/2021 | 02/15/2022 | 02/28/2023 | 0.00 | conc | (266.40) | 1,908.60 | 2,175.00 | |
|  |  |  |  |  |  |  |  |  | rent | 2,175.00 | | | |
| 009 | 212x1 | John Buresh | 0.00 | Fair Market | 08/01/2022 | 08/01/2022 | 07/31/2023 | 3,750.00 | rent | 3,750.00 | 3,750.00 | 3,750.00 | |
| 010 | 212x2 | Ping Edmunds | 0.00 | Fair Market | 03/20/2021 | 03/20/2021 | 05/31/2023 | 0.00 | conc | (284.15) | 2,215.85 | 2,500.00 | |
|  |  |  |  |  |  |  |  |  | rent | 2,500.00 | | | |
| 011 | 212x1 | Sophie Cheston | 0.00 | Fair Market | 07/01/2022 | 07/01/2022 | 07/31/2023 | 3,650.00 | rent | 3,650.00 | 3,650.00 | 3,650.00 | |
| 012 | 212x1 | Kelly Amen | 0.00 | Fair Market | 04/15/2022 | 04/15/2022 | 04/30/2024 | 3,195.00 | rent | 3,195.00 | 3,195.00 | 3,195.00 | |
| 013 | 212x1 | Shelby Cole | 0.00 | Fair Market | 08/01/2019 | 02/01/2022 | 02/29/2024 | 0.00 | rent | 3,175.00 | 3,175.00 | 3,095.00 | |
| 014 | 212x2 | Angela Beckham | 0.00 | Rent Stabilized | 02/01/2012 | 02/01/2021 | 01/31/2023 | 1,541.15 | rentreg | 1,627.38 | 1,627.38 | 1,627.39 | |
| 015 | 212x1 | Maia Hannemann | 0.00 | Fair Market | 04/01/2022 | 04/01/2022 | 03/31/2023 | 3,195.00 | rent | 3,195.00 | 3,195.00 | 3,195.00 | |
| 016 | 212x1 | Sana Din | 0.00 | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 0.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 017 | 212x2 | Alexander Banh | 0.00 | Fair Market | 05/03/2021 | 05/03/2021 | 01/31/2023 | 0.00 | conc | (529.90) | 3,165.10 | 3,695.00 | |
|  |  |  |  |  |  |  |  |  | rent | 3,695.00 | | | |
| 018 | 212x2 | Sarah Wheeler | 0.00 | Fair Market | 05/01/2021 | 05/01/2021 | 04/30/2023 | 0.00 | rent | 2,625.00 | 2,187.50 | 2,625.00 | |
|  |  |  |  |  |  |  |  |  | conc | (437.50) | | | |
| 019 | 212x1 | Brandon Tracy | 0.00 | Fair Market | 05/01/2021 | 05/01/2022 | 05/31/2023 | 3,495.00 | rent | 3,495.00 | 3,495.00 | 3,495.00 | |
| 020 | 212x1 | Daniel DaSilva | 0.00 | Fair Market | 03/18/2022 | 03/18/2022 | 03/31/2024 | 0.00 | rent | 3,395.00 | 3,395.00 | 3,395.00 | |
| 0LE | 212x2 | Isabella Paoletto | 0.00 | Fair Market | 04/29/2022 | 04/29/2022 | 05/31/2024 | 3,250.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 0LW | 212x1 | Nicholas Vitale | 0.00 | Fair Market | 10/01/2014 | 04/01/2022 | 03/31/2023 | 0.00 | rent | 2,675.00 | 2,675.00 | 2,695.00 | |

**Total Amount** 66,667.00



Property: 212
New York, NY 10010

**Rent Roll with Lease Charges**

208-214 E. 25th Street LLC

As Of August 01,2022

## Summary of Charges by Charge Code (Current/Notice residents only)

| | |
|---|---|
| conc | (2,034.62) |
| rent | 65,430.00 |
| rentreg | 3,271.62 |
| Total | 66,667.00 |

**Summary of Lease Types**

| | |
|---|---|
| Fair Market | 20 |
| Rent Stabilized | 2 |
| | 22 |

Page : 7

# Rent Roll with Lease Charges

Property: 214
New York, NY 10010

209-214 E. 25th Street LLC

As Of August 01, 2022

| Unit | Type | Unit Sq Ft | Name | Lease Type | Move In Date | Lease From | Lease To | Market Rent | Charge Code | Amount | Total Monthly Charges | Resident Deposit | Legal Status |
|------|------|-----------|------|-----------|-------------|-----------|----------|------------|-----------|--------|----------------------|-----------------|-------------|
| 01FE | 2141x1 | 0.00 | Layla Keith | Fair Market | 05/01/2022 | 05/01/2022 | 04/30/2024 | 4,195.00 | rent | 4,195.00 | 4,195.00 | 4,195.00 | |
| 01FW | 2142x1 | 0.00 | Carlos Roure | Rent Stabilized | 06/01/2012 | 06/01/2022 | 05/31/2024 | 0.00 | rentreg | 847.71 | 368.95 | 596.39 | |
| 01RE | 2143x1 | 0.00 | VACANT | VACANT | | | | 0.00 | scrie | (478.76) | | 0.00 | |
| 01RW | 2142x1.5 | 0.00 | Andrea Chavez Davila | Fair Market | 01/19/2021 | 02/01/2022 | 02/29/2024 | 0.00 | rent | 3,500.00 | 0.00 | 0.00 | |
| 02FE | 2143x1 | 0.00 | Rocky Cari | Employee Occupied | 01/01/1950 | 01/01/1950 | 12/31/2050 | 0.00 | | 3,500.00 | 3,500.00 | 2,895.00 | |
| 02FW | 2142x2 | 0.00 | Samantha Grande | Fair Market | 02/06/2021 | 02/01/2022 | 04/30/2023 | 0.00 | rent | 3,250.00 | 0.00 | 0.00 | |
| 02RE | 2141x1 | 0.00 | Blueground Blueground | Fair Market | 07/05/2022 | 07/05/2022 | 07/31/2023 | 2,995.00 | rent | 3,250.00 | 3,250.00 | 2,625.00 | |
| 02RW | 2141x1 | 0.00 | Thomas Krotine | Fair Market | 04/01/2022 | 04/01/2022 | 03/31/2024 | 3,495.00 | rent | 3,495.00 | 3,550.00 | 1,500.00 | |
| 03FE | 2142x1 | 0.00 | Revian Chang | Fair Market | 10/01/2021 | 10/01/2021 | 09/30/2022 | 4,995.00 | rent | 4,295.00 | 3,495.00 | 3,495.00 | |
| 03FW | 2142x2 | 0.00 | Jared Finsterbusch | Fair Market | 07/01/2022 | 07/01/2022 | 06/30/2023 | 0.00 | rent | 4,195.00 | 0.00 | 0.00 | |
| 03RE | 2141x1 | 0.00 | Blueground Blueground | Fair Market | 06/03/2022 | 06/03/2022 | 07/31/2023 | 3,550.00 | rent | 4,195.00 | 8,390.00 | 13.00 | |
| 03RW | 2141x1 | 0.00 | Nikhil Shankar | Fair Market | 06/25/2022 | 06/25/2022 | 07/31/2023 | 3,650.00 | rent | 3,550.00 | 3,550.00 | 1,500.00 | |
| 04FE | 2142x1 | 0.00 | Joshua Willis | Fair Market | 01/01/2022 | 01/01/2022 | 12/31/2022 | 0.00 | rent | 3,650.00 | 3,650.00 | 3,650.00 | |
| 04FW | 2142x1 | 0.00 | Susan Aziz | Fair Market | 02/01/2022 | 02/01/2022 | 01/31/2023 | 0.00 | rent | 4,095.00 | 4,095.00 | 4,095.00 | |
| 04RE | 2141x1 | 0.00 | Assunta Guzman | Fair Market | 03/01/2022 | 03/01/2022 | 02/28/2023 | 0.00 | rent | 4,195.00 | 4,195.00 | 4,195.00 | |
| 04RW | 2141x1 | 0.00 | John Iathrop | Fair Market | 01/01/2022 | 01/01/2022 | 12/31/2022 | 2,995.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 05FE | 2142x1 | 0.00 | Leigh Archibald | Fair Market | 11/01/2021 | 11/01/2021 | 10/31/2023 | 0.00 | rent | 3,250.00 | 3,250.00 | 3,250.00 | |
| 05FW | 2142x1 | 0.00 | Eliza Brosgol | Fair Market | 12/01/2021 | 12/01/2021 | 05/31/2023 | 0.00 | rent | 4,600.00 | 4,600.00 | 4,550.00 | |
| 05RE | 2143x2 | 0.00 | Andrew Schreibstein | Fair Market | 07/01/2022 | 07/01/2022 | 07/31/2023 | 7,250.00 | rent | 4,595.00 | 4,595.00 | 4,595.00 | |
| 0EW | 2143x2 | 0.00 | Petro Serdiuk | Fair Market | 04/01/2022 | 04/01/2022 | 03/31/2024 | 5,195.00 | rent | 7,250.00 | 7,250.00 | 7,250.00 | |
| | | | | | | | | | | 5,195.00 | 5,195.00 | 5,195.00 | |
| | | | | | | | | **Total Amount** | | **74,673.95** | | | |

Rent Roll with Lease Charges

Friday, August 19, 2022

Page : 8

Property: 214
New York, NY 10010

**Rent Roll with Lease Charges**

208-214 E. 25th Street LLC

As Of August 01,2022

## Summary of Charges by Charge Code (Current/Notice residents only)

| | |
|---|---|
| rent | 74,305.00 |
| rentreg | 847.71 |
| scrie | (478.76) |
| **Total** | **74,673.95** |

### Summary of Lease Types

| | |
|---|---|
| Employee Occupied | 1 |
| Fair Market | 17 |
| Rent Stabilized | 1 |
| VACANT | 1 |
| | 20 |



Property: For Selected Properties

## Rent Roll with Lease Charges

As Of August 01,2022

### Summary of Charges by Charge Code (Current/Notice residents only)

| | |
|---|---|
| conc | (2,585.25) |
| prefrent | (886.89) |
| rent | 264,942.09 |
| rentreg | 8,837.44 |
| scrie | (588.22) |
| **Total** | **269,719.17** |

### Summary of Lease Types

| | |
|---|---|
| Employee Occupied | 1 |
| Fair Market | 71 |
| Rent Controlled | 3 |
| Rent Stabilized | 8 |
| VACANT | 2 |
| | 85 |

# EXHIBIT B

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM

NYSCEF DOC. NO. 2

INDEX NO. 850189/2021

RECEIVED NYSCEF: 08/13/2021

## RESTATED MORTGAGE NOTE

**$25,000,000.00**              March 30, 2016              New York, New York

**FOR VALUE RECEIVED, 208-214 E. 25TH ST, LLC,** a New York limited liability company with offices c/o 9300 Realty, 632 Broadway, 7th Floor, New York, New York 10012 (the "Maker"), promises to pay to **BANKUNITED, N.A.,** a national banking association having its principal offices at 14817 Oak Lane, Miami Lakes, Florida 33016 (the "Payee"), or such other place as may be designated in writing by the holder of this Note, the principal sum of **Twenty Five Million and 00/100 ($25,000,000.00) Dollars** (the "Debt") payable with a payment on the date hereof of interest only on the unpaid principal balance at the rate of three and four-tenths (3.4%) percent per annum for the period from the date hereof through and including April 9, 2016; and thereafter commencing on May 10, 2016 with monthly payments of interest only through and including April 10, 2017; and thereafter with constant monthly payments based upon a 29-year payout, to be applied first to the payment of interest at the rate of three and four-tenths (3.4%) percent per annum and the balance in reduction of principal, commencing on May 10, 2017 and monthly thereafter on the tenth (10th) day of each month (the "Debit Date") to and including April 10, 2023, when the balance of principal then remaining unpaid shall become due and payable with interest. Interest will be calculated on an actual/360 day basis.

**IT IS HEREBY EXPRESSLY AGREED,** that notwithstanding anything to the contrary herein provided, if either of (i) the operating account referred to in Paragraph 44 of that certain Consolidation and Extension Agreement of even date made by the Maker to the Payee (the "Agreement"), or (ii) the lease security deposit account referred to in Paragraph 7 of the Agreement is not maintained with the Payee as required, the Maker will be required to pay a monthly fee to the Payee equal to one-twelfth of one (.0833%) percent multiplied by the outstanding principal balance of the Debt for so long as any of the aforementioned accounts are not so maintained with the Payee.

**IT IS HEREBY FURTHER EXPRESSLY AGREED,** that the said principal sum evidenced by this Note shall become due at the option of the holder hereof on the happening of any default or event by which, under the terms of the Agreement, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in the Agreement are hereby made part of this instrument.

**IT IS HEREBY FURTHER EXPRESSLY AGREED,** that the Maker shall have the privilege of prepaying the Debt in multiples of $10,000.00, with interest computed to the day on which any prepayment is made, at any time and from time to time upon written

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM                    INDEX NO. 850189/2021
NYSCEF DOC. NO. 2                                                   RECEIVED NYSCEF: 08/13/2021

notice received by the Payee at least fifteen (15) days prior to making such prepayment, provided that in addition to the prepayment of principal the Maker pays to the Payee a prepayment charge to be computed as follows: (i) if such prepayment is made prior to the first anniversary (as hereinafter defined), a prepayment charge equal to 5% of the amount of principal prepaid; (ii) if on or after the first anniversary and prior to the fourth anniversary, a prepayment charge equal to 4% of the amount of principal prepaid; (iii) if on or after the fourth anniversary and prior to the fifth anniversary, a prepayment charge equal to 3% of the amount of principal prepaid; (iv) if on or after the fifth anniversary and prior to the sixth anniversary, a prepayment charge equal to 2% of the amount of principal prepaid; and (v) if on or after the sixth anniversary and prior to the seventh anniversary, a prepayment charge equal to 1% of the amount of principal prepaid. Notwithstanding the foregoing provisions, there shall be no prepayment charge if the Debt is prepaid in full between February 10, 2023 and April 10, 2023. For purposes of this Note, the "first anniversary" shall be April 10, 2017 and each subsequent anniversary shall mean each year elapsed thereafter.

Notwithstanding the foregoing provisions, there will be no prepayment charge due in the event of the application of insurance proceeds or condemnation award in reduction of the Debt.

Any partial prepayment made hereunder shall be applied in inverse order of maturity and shall not result in any reduction or deferment in the monthly payments required hereunder.

**IT IS HEREBY FURTHER EXPRESSLY AGREED**, that until the Debt has been repaid in full, the Maker agrees to establish and maintain its operating account for the Mortgaged Property (Account No. 9853753253) on deposit with the Payee, into which all rents will be deposited and from which all expenses will be paid. The Maker hereby unconditionally and irrevocably authorizes the Payee to automatically debit any and all payments due under this Note or the Agreement and unconditionally warrants and represents to the Payee that it shall, until the Debt and all accrued interest has been repaid in full, maintain sufficient funds in such account(s) to pay for same. If insufficient funds are available in such account(s), the Maker hereby authorizes the Payee to debit any such payment due from any other account or accounts maintained by the Maker with the Payee. Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment that is to made under this Note or the Agreement shall be stated to be due on a Saturday, Sunday or public holiday or the equivalent for banks generally under the laws of the State of New York (any other day being a "Business Day"), such payment shall be made on the next succeeding Business Day.

**IT IS HEREBY FURTHER EXPRESSLY AGREED**, that if any installment cannot be debited from the Maker's account due to insufficient balances on the Debit Date, the Maker shall pay to the Payee, upon demand, an amount equal to five (5%) percent of such

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM   INDEX NO. 850189/2021
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 08/13/2021

unpaid installment to defray the expense incurred by the Payee in handling and processing such delinquent payment and such amount shall be deemed to be secured by the Agreement.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This Note is secured by the Agreement which consolidates the mortgages encumbering the property situate at **208-214 East 25th Street, New York, New York** (the "Mortgaged Property").

This Note is a restated note intended only for the purpose of restating the obligations of the Maker to the Payee under the terms of the Agreement and is not intended to create any additional indebtedness which is not secured by the Agreement. It supersedes in its entirety the underlying notes consolidated by the terms of the Agreement.

This Note shall be construed in accordance with and be governed by the laws of the State of New York without reference to principles of conflicts of law.

Except for damages resulting to the Payee arising from (i) the obligations of the Maker under the provisions of Paragraph 41 of the Agreement, (ii) any acts or omissions constituting fraud or material misrepresentation by the Maker in connection with applying for the loan evidenced by this Note or in supplying information or documentation to the Payee subsequent to the date hereof, (iii) the misappropriation or intentional misapplication of the Rents collected by the Maker at the Mortgaged Property after default under this Note or the Agreement beyond any applicable grace or cure periods, (iv) liability for rental or other income generated from the Mortgaged Property after default under this Note or the Agreement beyond any applicable grace, notice or cure period and not applied to debt service or ordinary operating expenses or restoration of the Mortgaged Property, (v) deliberate waste by the Maker, (vi) abandonment of the Mortgaged Property; (vii) for failure to deliver security deposits to the Payee after a foreclosure action has been commenced (unless said security deposits were applied in accordance with the terms of the respective leases(s)), the liability of the Maker, its permitted successors or assigns, under this Note is hereby strictly limited to the interest of the Maker, its permitted successors or assigns, in the Mortgaged Property. Except as set forth in the immediately preceding sentence, any judgment in favor of the Payee shall be satisfied only against the Mortgaged Property and may not be satisfied against any other asset of the Maker, its permitted successors or assigns, and the Payee shall neither seek, demand nor be entitled to obtain a deficiency judgment. Notwithstanding the foregoing provisions, the Maker will be obligated to repay the entire indebtedness secured by the Agreement if the Maker commences a voluntary bankruptcy or insolvency proceeding or if the Maker or Steven Croman (the "Principal") consents to, acquiesces in, acts in concert with, colludes or conspires with any person or entity to cause the commencement

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM
NYSCEF DOC. NO. 2

INDEX NO. 850189/2021
RECEIVED NYSCEF: 08/13/2021

of an involuntary bankruptcy or insolvency proceeding with respect to the Maker or if such proceeding shall have been commenced against the Maker by an affiliate of the Maker or Principal, whether entirely or in part, or if the Maker or Principal solicits or causes to be solicited a petition petitioning creditors for any involuntary petition filed against the Maker by any person or entity or if the Maker makes an unauthorized transfer of title to the Mortgaged Property not otherwise permitted by the Agreement, or if there is an unauthorized transfer of any direct or indirect interests in the Maker in violation of the Agreement.

This Note may not be changed or terminated orally.

208-214 E. 25TH ST, LLC

By: _____
　　　Steven Croman, Manager

FILED: NEW YORK COUNTY CLERK 08/13/2022 01:25 PM

NYSCEF DOC. NO. 2

INDEX NO. 850189/2021

RECEIVED NYSCEF: 08/13/2021

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

On the 30th day of March, 2016, before me, the undersigned, personally appeared STEVEN CROMAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of whom the individual(s) acted, executed the instrument.

CYNTHIA MARGARETEN
Notary Public, State of New York
No. 01-MA4684255
Qualified in Nassau County
Commission Expires January 26, 2019

(zt\bkn\50199\loandocs)

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM

NYSCEF DOC. NO. 2

INDEX NO. 850189/2021

RECEIVED NYSCEF: 08/13/2021

## Restated Mortgage Note

---

### 208-214 E. 25TH ST, LLC

- to -

### BANKUNITED, N.A.

---

The within premises lie in
Section 3, Block 905, Lots 53, 52, 51 and 50
in New York County

**Narotsky Law Group, LLP**
**60 Cutter Mill Road**
**Suite 204**
**Great Neck, New York   11021**

(t:\bln\50199\loandocs)

FILED: NEW YORK COUNTY CLERK 08/13/2021 01:25 PM
NYSCEF DOC. NO. 2

INDEX NO. 850189/2021

RECEIVED NYSCEF: 08/13/2021

## ALLONGE TO RESTATED MORTGAGE NOTE

Re:    Restated Mortgage Note, in the original principal amount of $25,000,000.00, dated March 30, 2016, executed by 208-214 E. 25th St, LLC, a New York limited liability company, and originally payable to the order of BankUnited, N.A., a national banking association.

**Pay to the order of 25th Street Multifamily LLC ("Assignee"), as is, where is, with all faults without recourse and without representation or warranty of any kind, express or implied**

Dated as of: August /2, 2021

BANKUNITED, N.A., ASSIGNOR

By:_____

Name:  Juan Bustabad
Title:  Assistant Vice President

# EXHIBIT C

## Juan Bustabad

| | |
|---|---|
| **From:** | Juan Bustabad |
| **Sent:** | Wednesday, August 11, 2021 8:45 AM |
| **To:** | wfreese@centpropny.com |
| **Cc:** | gpalazzo@centpropny.com; Scott Milchuk |
| **Subject:** | RE: Bank mortgage |

Hi William:

Marsha forwarded me the below email. The amount of $201,184.60 was debited in accordance with the loan documents to cover the monthly installment that was due on June 10, 2021, without waiver of any of the bank's rights under the loan documents.

Regards,
Juan

**Juan Bustabad**
Assistant Vice President

---

**BankUnited, N.A.**
Office:  (786) 313-1824 | Email:  jbustabad@bankunited.com
7765 NW 148 ST, Miami Lakes, FL 33016


**BankUnited**

This message was Classified as **Confidential Reference.**

**From:** William Freese <wfreese@centpropny.com>
**Sent:** Wednesday, August 4, 2021 1:16 PM
**To:** Marsha Ali <MAli@BankUnited.Com>
**Cc:** Grace Palazzo <gpalazzo@centpropny.com>
**Subject:** Bank mortgage

Hi Marsha it looks like Bank United took 201 k for the June mortgage. Is this a right of offset? Not sure if you can answer this or forward to someone who can help

| | | Process Master 1 | | | | |
|---|---|---|---|---|---|---|
| 08/03/2021 | Misc Debit | LN 1713000793 | 000000050 | | | |

Thank you,

William Freese

Accounting Department

Centennial Properties, Inc.

740 Broadway 2nd Floor

New York, NY 10003

# EXHIBIT D

BankUnited, N.A.
7815 NW 148th Street
Miami Lakes, FL 33016
www.bankunited.com

 BankUnited

August 11, 2021

*Via Federal Express Overnight and First Class Mail*

208-214 E. 25th St, LLC
c/o 9300 Realty
632 Broadway, 7th Floor
New York, New York 10012
Attn: Steven Croman

*Via Federal Express Overnight and First Class Mail*

Steven Croman
238 East 67th Street
New York, New York 10021

*Via Federal Express Overnight and First Class Mail*

208-214 E. 25th St, LLC
740 Broadway Ste 2nd Fl
New York, New York 10003

*Via Federal Express Overnight and First Class Mail*

Steven Croman
12 E 72nd Street
New York, New York 10021

Re:    **Notice of Default and Acceleration**: Mortgage loan ("**Loan**") to 208-214 E. 25th St, LLC ("**Borrower**") from BankUnited, N.A. (the "**Bank**") in the original principal amount of $25,000,000.00

Dear Mr. Croman:

The above-referenced Loan is evidenced by, among other things, that certain Restated Mortgage Note dated March 30, 2016, in the original principal sum of $25,000,000.00 ("**Note**"), as secured by, among other things, the Consolidation and Extension Agreement dated as of March 30, 2016 (the "**Consolidated Mortgage**"). The Note, Consolidated Mortgage, and all other agreements, instruments, and documents, at any time executed and delivered in connection with the Loan, each as amended, restated, supplemented, or otherwise modified from time to time, are collectively referred to as the "**Loan Documents.**" Except as otherwise indicated herein, capitalized terms used herein but not otherwise defined herein shall have the same meanings given to such terms in the Consolidated Mortgage.

The Borrower defaulted under the Loan Documents by failing to maintain a sufficient balance in its operating account for the Bank to debit (i) the Installment when due on July 10, 2021 and otherwise failing to pay said Installment on or before July 10, 2021 ("**July 2021 Payment Default**"), and (ii) the Installment when due on August 10, 2021 and otherwise failing to pay said Installment on or before August 10, 2021 ("**August 2021 Payment Default**"), which events constitute events of default pursuant to Section 18 of the Consolidated Mortgage and the Loan Documents. The July 2021 Payment Default and the August 2021 Payment Default remain

uncured. As a result, in accordance with the terms of the Loan Documents, by reason of the Borrower's aforementioned July 2021 Payment Default and August 2021 Payment Default under the Loan Documents, the Bank hereby declares that the Debt is now immediately due and payable. Accordingly, the outstanding principal amount of the Loan, plus all interest, all default interest, all late charges, all applicable fees, any prepayment premium, all costs of collection and all other costs and expenses (including, without limitation, all attorneys' fees and expenses) incurred by the Bank are now immediately due and owing to the Bank. Furthermore, due to the Borrower's various defaults under the Loan Documents, the Bank is entitled to enforce its various rights and remedies under the Loan Documents and applicable law including, without limitation, proceeding against the Borrower and the collateral securing the Loan.

The July 2021 Payment Default and the August 2021 Payment Default stated above are not exclusive of any other defaults or event(s) of default that may have occurred under the Loan Documents. The Bank reserves the right to specifically enumerate any additional event(s) of default that may have occurred or that may occur in the future under the Loan Documents. The Bank reserves all rights to pursue any and all rights and remedies available to it under the Loan Documents, applicable law and otherwise, including, without limitation, enforcement of the Consolidated Mortgage by foreclosure or otherwise.

Please be advised that, due to the aforementioned July 2021 Payment Default and August 2021 Payment Default, the Bank has exercised its right to set off on August 11, 2021 against the account ending in *2705 the sum of $97,402.38, which amount is insufficient to satisfy the Installment that was due on July 10, 2021. Due to the set off of funds in the account as referenced herein, there are presently no funds available in the account and any presentment of checks, debits, ACH or other items against the account will not be honored by the Bank while there are insufficient funds on deposit in the account to cover such checks, debits, ACH and other items. The Bank's acceptance of the aforesaid amount in no way cures any event(s) of default nor does it reinstate, de-accelerate, modify, or extend the Loan in any way. The entire remaining balance of the Loan (together with interest, advances, attorneys' fees and any other such amounts provided for in the Loan Documents) remains due and owing. Lender's acceptance of the aforesaid amount is without prejudice to its ability to exercise any and all rights or remedies in equity or at law.

Please make arrangements for the immediate payment in full of all obligations owed under the Loan Documents. Please be further advised that interest is accruing at the Default Rate from the earliest date provided for in the Loan Documents.

The guarantor of the Loan, Steven Croman ("**Guarantor**"), is also being sent this Notice of Default and Acceleration to provide notice of the default and acceleration and demand for payment to the extent any guaranty is applicable.

No forbearance, delay, or inaction by the Bank in exercising its rights and remedies under the Loan Documents, at law or at equity: (a) shall constitute a modification or alteration of the terms, conditions or covenants of the Loan; (b) shall constitute a waiver, release or limitation of any of the Bank's rights or remedies, all of which are expressly reserved; or (c) shall relieve or release the Borrower or Guarantor of the Loan in any way from any of their respective obligations or agreements under the Loan Documents.

Please be further advised that nothing in this letter, or in any previous, ongoing, or future discussions or negotiations between the Bank or its representatives, on the one hand, and the Borrower and/or Guarantor, on the other hand, shall directly or indirectly create any obligation to forbear from taking any enforcement action or constitute a consent to or waiver of any past, present or future default under any of the Loan Documents unless or until a written agreement is signed by the Bank, the Borrower and the Guarantor.

Moreover, any partial payments made by or in favor of the Borrower and/or Guarantor to the Bank, if accepted, shall not constitute a waiver or modification of any default or a waiver or postponement of any rights or remedies of the Bank.

**PLEASE GOVERN YOURSELF ACCORDINGLY.**

Very truly yours,

Juan Bustabad
Assistant Vice President



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



ORIGIN ID:CPFA (305) 231-6400
JUAN BUSTABAD

7815 NW 148TH ST

MIAMI LAKES, FL 33016
UNITED STATES US

TO 208-214 E. 25TH ST, LLC

740 BROADWAY
STE 2ND FL
NEW YORK NY 10003
(212) 228-9300

PO:
REF: 3001

DEPT:

SHIP DATE: 11AUG21
ACTWGT: 1.00 LB
CAD: 43481911/INET14400

BILL SENDER

TRK#
0201   7745 1005 6888

XA MGJA

THU · 12 AUG 4:30P
STANDARD OVERNIGHT

10003
EWR
NY-US

FedEx Express

56DJ1/BAF3/FE4A

J212021070001uv

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ORIGIN ID:OPFA    (305) 231-6400
JUAN BUSTABAD
7815 NW 148TH ST

MIAMI LAKES, FL 33016
UNITED STATES US

TO STEVEN CROMAN

12 E 72ND ST

NEW YORK NY 10021

(917) 673-6007
INV:
PO:    REF: 3001

DEPT:

SHIP DATE: 11AUG21
ACTWGT: 1.00 LB
CAD: 4348197/INET4400

BILL SENDER

FedEx
Express

J212021070981uv

56DJ1/BAF3/FE4A

TRK#
0201    7745 1014 9238

XA DRFA

THU - 12 AUG 4:30P
STANDARD OVERNIGHT

10021
EWR

NY-US

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT E

RECEIVED NYSCEF: 03/29/202

WNDS51 10

Note number ... 1713000793 - 000

Short name   208-214 E. 25TH ST

----------Transaction Data------------*   *----------Account Data------------*

Transaction code                 82-00   Account balance .... 22,798,021.45

Description      UNSCHED PMT              Interest rate               24.00000

                                         Interest balance ....... 393,488.53

FROM DDA 9855322705                      Escrow-1 balance ............... 00

                                         Escrow-2 balance ........ 58,228.94


INTEREST                    97,402.38   *------------Dates----------------*

                                         Posting date              8-11-21

                                         Due date

                                         Effective date            8-11-21

                                         Paid-to date              7-08-21


                                         *----------Posting Data----------*

                                         Posting flag                    R

                                         User I.D              P005805803


Transaction amount         97,402.38


3=Exit        F7=Print history     F8=Participation inquiry   F13=Inquiry window
15=Restart    F16=Tickler inquiry                             F21=Escrow history

**EXHIBIT F**

BankUnited, N. A.
7815 NW 148th Street
Miami Lakes, FL 33016
www.bankunited.com



August 11, 2021

*Via Federal Express Overnight and*
*First Class Mail*

208-214 E. 25th St, LLC
c/o 9300 Realty
632 Broadway, 7th Floor
New York, New York 10012
Attn: Steven Croman

*Via Federal Express Overnight and*
*First Class Mail*

Steven Croman
238 East 67th Street
New York, New York 10021

*Via Federal Express Overnight and*
*First Class Mail*

208-214 E. 25th St, LLC
740 Broadway Ste 2nd Fl
New York, New York 10003

*Via Federal Express Overnight and*
*First Class Mail*

Steven Croman
12 E 72nd Street
New York, New York 10021

Re:    **Notice of Default and Acceleration**: Mortgage loan ("**Loan**") to
       208-214 E. 25th St, LLC ("**Borrower**") from BankUnited, N.A. (the "**Bank**")
       in the original principal amount of $25,000,000.00

Dear Mr. Croman:

The above-referenced Loan is evidenced by, among other things, that certain Restated Mortgage Note dated March 30, 2016, in the original principal sum of $25,000,000.00 ("**Note**"), as secured by, among other things, the Consolidation and Extension Agreement dated as of March 30, 2016 (the "**Consolidated Mortgage**"). The Note, Consolidated Mortgage, and all other agreements, instruments, and documents, at any time executed and delivered in connection with the Loan, each as amended, restated, supplemented, or otherwise modified from time to time, are collectively referred to as the "**Loan Documents.**" Except as otherwise indicated herein, capitalized terms used herein but not otherwise defined herein shall have the same meanings given to such terms in the Consolidated Mortgage.

The Borrower defaulted under the Loan Documents by failing to maintain a sufficient balance in its operating account for the Bank to debit (i) the Installment when due on July 10, 2021 and otherwise failing to pay said Installment on or before July 10, 2021 ("**July 2021 Payment Default**"), and (ii) the Installment when due on August 10, 2021 and otherwise failing to pay said Installment on or before August 10, 2021 ("**August 2021 Payment Default**"), which events constitute events of default pursuant to Section 18 of the Consolidated Mortgage and the Loan Documents. The July 2021 Payment Default and the August 2021 Payment Default remain

uncured. As a result, in accordance with the terms of the Loan Documents, by reason of the Borrower's aforementioned July 2021 Payment Default and August 2021 Payment Default under the Loan Documents, the Bank hereby declares that the Debt is now immediately due and payable. Accordingly, the outstanding principal amount of the Loan, plus all interest, all default interest, all late charges, all applicable fees, any prepayment premium, all costs of collection and all other costs and expenses (including, without limitation, all attorneys' fees and expenses) incurred by the Bank are now immediately due and owing to the Bank. Furthermore, due to the Borrower's various defaults under the Loan Documents, the Bank is entitled to enforce its various rights and remedies under the Loan Documents and applicable law including, without limitation, proceeding against the Borrower and the collateral securing the Loan.

The July 2021 Payment Default and the August 2021 Payment Default stated above are not exclusive of any other defaults or event(s) of default that may have occurred under the Loan Documents. The Bank reserves the right to specifically enumerate any additional event(s) of default that may have occurred or that may occur in the future under the Loan Documents. The Bank reserves all rights to pursue any and all rights and remedies available to it under the Loan Documents, applicable law and otherwise, including, without limitation, enforcement of the Consolidated Mortgage by foreclosure or otherwise.

Please be advised that, due to the aforementioned July 2021 Payment Default and August 2021 Payment Default, the Bank has exercised its right to set off on August 11, 2021 against the account ending in *2705 the sum of $97,402.38, which amount is insufficient to satisfy the Installment that was due on July 10, 2021. Due to the set off of funds in the account as referenced herein, there are presently no funds available in the account and any presentment of checks, debits, ACH or other items against the account will not be honored by the Bank while there are insufficient funds on deposit in the account to cover such checks, debits, ACH and other items. The Bank's acceptance of the aforesaid amount in no way cures any event(s) of default nor does it reinstate, de-accelerate, modify, or extend the Loan in any way. The entire remaining balance of the Loan (together with interest, advances, attorneys' fees and any other such amounts provided for in the Loan Documents) remains due and owing. Lender's acceptance of the aforesaid amount is without prejudice to its ability to exercise any and all rights or remedies in equity or at law.

Please make arrangements for the immediate payment in full of all obligations owed under the Loan Documents. Please be further advised that interest is accruing at the Default Rate from the earliest date provided for in the Loan Documents.

The guarantor of the Loan, Steven Croman ("**Guarantor**"), is also being sent this Notice of Default and Acceleration to provide notice of the default and acceleration and demand for payment to the extent any guaranty is applicable.

No forbearance, delay, or inaction by the Bank in exercising its rights and remedies under the Loan Documents, at law or at equity: (a) shall constitute a modification or alteration of the terms, conditions or covenants of the Loan; (b) shall constitute a waiver, release or limitation of any of the Bank's rights or remedies, all of which are expressly reserved; or (c) shall relieve or release the Borrower or Guarantor of the Loan in any way from any of their respective obligations or agreements under the Loan Documents.

Please be further advised that nothing in this letter, or in any previous, ongoing, or future discussions or negotiations between the Bank or its representatives, on the one hand, and the Borrower and/or Guarantor, on the other hand, shall directly or indirectly create any obligation to forbear from taking any enforcement action or constitute a consent to or waiver of any past, present or future default under any of the Loan Documents unless or until a written agreement is signed by the Bank, the Borrower and the Guarantor.

Moreover, any partial payments made by or in favor of the Borrower and/or Guarantor to the Bank, if accepted, shall not constitute a waiver or modification of any default or a waiver or postponement of any rights or remedies of the Bank.

**PLEASE GOVERN YOURSELF ACCORDINGLY.**

Very truly yours,

Juan Bustabad
Assistant Vice President



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



ORIGIN ID:PFA
JUAN BUSTABAD
(305) 231-6400
7815 NW 148TH ST

MIAMI LAKES, FL 33016
UNITED STATES US

TO STEVEN CROMAN

12 E 72ND ST

NEW YORK NY 10021

(917) 673-6007
INV:
PO:
REF: 3301
DEPT:

SHIP DATE: 11AUG21
ACTWGT: 1.00 LB
CAD: 4348197/INET4400

BILL SENDER

XA DRFA

TRK#
0201  7745 1014 9238

THU - 12 AUG 4:30P
STANDARD OVERNIGHT

10021
EWR
NY-US

FedEx
Express

56DJ1/9AF3/FE4A

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT G

OMNIBUS ASSIGNMENT OF LOAN DOCUMENTS

(Space Above For Recorder's Use)

## OMNIBUS ASSIGNMENT OF LOAN DOCUMENTS

THIS OMNIBUS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment") is made effective as of this _la_ day of August 2021 (the "Effective Date"), by BankUnited, N.A. a national banking association having its principal offices at 14817 Oak Lane, Miami Lakes, Florida 33016 ("Assignor") to and in favor of 25th Street Multifamily LLC, a New York limited liability company having an office at 100 Park Avenue, Suite 2805, New York, New York 10017 ("Assignee").

RECITALS:

A.      Assignor is the legal and equitable owner and holder of that certain Restated Mortgage Note in the original principal amount of $25,000,000.00 dated March 30, 2016, duly executed by 208-214 E. 25th St, LLC ("Borrower") in favor of Assignor (the "Note"), which Note is secured by, among other things, that certain Consolidation and Extension Agreement dated as of March 30, 2016 in the original principal amount of $25,000,000.00, duly executed by Borrower, as mortgagor, in favor of Assignor, as mortgagee, and recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124274 (the "Mortgage") regarding the real property as more particularly described on Exhibit 1 attached hereto and incorporated by this reference, and which Note is further secured by, among other things, that certain Assignment of Rents, duly executed by Borrower to Assignor, and recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124275 (the "ALR"), which Note is further secured by, among other things, that certain Non-Recourse Guaranty dated as of March 30, 2016, duly executed by Steven Croman to Assignor (the "Guaranty"; together with the Note, the Mortgage, the ALR, and any and all other instruments and documents evidencing, securing, guaranteeing or relating to the Note shall be hereinafter referred to collectively as the "Loan" or the "Loan Documents").

B.      Assignor and Assignee entered into that certain Sale Agreement for Loan dated as of August _11_, 2021 (the "Loan Sale Agreement"), pursuant to which Assignor agreed to sell to Assignee all of its right, title and interest in, to and under the Loan and the Loan Documents, pursuant to the terms and conditions of the Loan Sale Agreement.

C.      Assignor and Assignee have agreed to enter into this Assignment to effect the assignment of the Loan and the Loan Documents from Assignor to Assignee pursuant to the terms and conditions set forth in the Loan Sale Agreement.

D.      The parties hereto desire that Assignor assign to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Loan and Loan Documents and that

1

Assignee assume all of Assignor's obligations under the Loan Documents, on the terms hereinafter set forth as of the date hereof.

E.     Assignor has simultaneously herewith endorsed the Note to Assignee and the parties desire that the Note, the Mortgage, the ALR, the Guaranty, and all Loan Documents executed in connection with the Note be assigned to Assignee.

## AGREEMENTS

**NOW, THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.     **Assignment**. Assignor does hereby absolutely, irrevocably and unconditionally, transfer, assign, sell, grant and convey and release to Assignee, its successors and assigns, all of the rights, title, interests and benefits of Assignor in and to the Loan and Loan Documents (including, but not limited to, the documents listed on Schedule 1 hereto) together with all indebtedness thereby evidenced and secured thereunder and all attendant liens, rights, title, assignments and interests (including security interests) pertaining to or arising therefrom, and Assignor does hereby grant and delegate to Assignee, its successors and assigns, and any and all rights, benefits, duties and obligations of the lender thereunder from and after the date hereof.

2.     **Assumption**. Assignee hereby accepts the Assignment and assumes and agrees to accept, observe, perform and be bound by all of the terms, covenants, agreements, conditions and obligations of the Loan Documents required to be observed or performed by the lender thereunder from and after the date hereof.

3.     **No Representations and Warranties of Assignor**. This Assignment is an absolute assignment. Except as provided in the Loan Sale Agreement, this Assignment is without recourse, representation or warranty, express or implied, upon Assignor.

4.     **Governing Law**. The parties agree that this Assignment shall be construed, and the rights and obligations of the parties under this Agreement shall be determined, in accordance with the substantive laws of the State of New York applicable to contracts to be performed entirely within the State of New York.

5.     **Successors and Assigns**. This Assignment shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

6.     **Headings**. The headings of the paragraphs of this Assignment have been included only for convenience, and shall not be deemed in any manner to modify or limit any of the provisions of this Assignment or be used in any manner in the interpretation of this Assignment.

7.     **Interpretation**. Whenever the context so requires in this Assignment, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include other genders, and the word "person" shall be construed to include a natural person, a corporation, a firm, a partnership, a joint venture, a trust, an estate or any other entity.

8. **Partial Invalidity.** Each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law. If any provision of this Assignment or the application of such provision to any person or circumstance shall, to any extent, be invalid or unenforceable, then the remainder of this Assignment, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability.

9. **Counterparts and Electronic Copy.** This Assignment may be executed in counterparts, which counterparts when taken together shall constitute one Assignment. A fully executed pdf of this Assignment delivered by electronic means shall be deemed an original for all purposes herein.

**IN WITNESS WHEREOF**, this Assignment has been executed by Assignor and Assignee as of the Effective Date set forth above.

BANKUNITED, N.A., ASSIGNOR

By: _____

Name: Juan Bustabad

Title: Assistant Vice President

**25TH STREET MULTIFAMILY LLC, ASSIGNEE**

By: _____

Name: _____

Title: _____

STATE OF FLORIDA )
) ss:
COUNTY OF MIAMI-DADE )

On the _11_ day of August, 2021, before me by means of [X] physical presence or [_] online notarization, the undersigned, personally appeared JUAN BUSTABAD, as Assistant Vice President for BankUnited, N.A., [✓] personally known to me or [_] proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Miami-Dade, State of Florida.

_____

Notary Public

3



Notary Public State of Florida
Lazaro Domenech
My Commission GG 256812
Expires 09/10/2022

STATE OF NEW YORK          )
                                    ) ss:
COUNTY OF NEW YORK      )

On the _____ day of August, 2021, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

4

8.    **Partial Invalidity**. Each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law. If any provision of this Assignment or the application of such provision to any person or circumstance shall, to any extent, be invalid or unenforceable, then the remainder of this Assignment, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability.

9.    **Counterparts and Electronic Copy**. This Assignment may be executed in counterparts, which counterparts when taken together shall constitute one Assignment. A fully executed pdf of this Assignment delivered by electronic means shall be deemed an original for all purposes herein.

**IN WITNESS WHEREOF**, this Assignment has been executed by Assignor and Assignee as of the Effective Date set forth above.

BANKUNITED, N.A., ASSIGNOR

By:_____
Name:  Juan Bustabad
Title:  Assistant Vice President

25TH STREET MULTIFAMILY LLC, ASSIGNEE

By:_____
Name:_____
Title:_____

STATE OF FLORIDA                    )
                                    ) ss:
COUNTY OF MIAMI-DADE                )

On the ____ day of August, 2021, before me by means of [X] physical presence or [_] online notarization, the undersigned, personally appeared JUAN BUSTABAD, as Assistant Vice President for BankUnited, N.A., [_] personally known to me or [_] proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Miami-Dade, State of Florida.

_____
Notary Public

3

STATE OF NEW YORK              )
                               ) ss:
COUNTY OF NEW YORK             )

On the 1ˢᵗ day of August, 2021, before me, the undersigned, personally
appeared _____ , personally known to me or proved to me on the basis of
satisfactory evidence to be the individuals whose names are subscribed to the within instrument
and acknowledged to me that they executed the same in their capacity, and that by their signature
on the instrument, the individual or the person upon behalf of which the individual acted,
executed the instrument.

Notary Public

JASON LEIBOWITZ
Notary Public, State of New York
No.02LE6167517
Qualified in Suffolk County
Commission Expires

4

## EXHIBIT 1

### LEGAL DESCRIPTION

**ALL THAT CERTAIN** plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of East 25th Street, distant 146 feet 4 4/5 inches easterly from the corner formed by the intersection of the easterly side of Third Avenue and the southerly side of East 25th Street;

RUNNING THENCE southerly and parallel with the easterly side of Third Avenue, 98 feet 9 inches to the center line of the block;

THENCE easterly along the center line of the block, 104 feet 8 inches and parallel with East 25th Street;

THENCE northerly and parallel with Third Avenue, 98 feet 9 inches to the southerly side of East 25th Street;

THENCE westerly along the southerly side of East 25th Street, 104 feet 3 inches to the point or place of BEGINNING.

For Information Only: Said premises are known as 208-214 East 25th Street, New York, NY and designated as Block 905 Lots 53, 52, 51 & 50 as shown on the Tax Map of the City of New York, County of New York.

5

## SCHEDULE 1 TO OMNIBUS ASSIGNMENT OF LOAN DOCUMENTS

### LIST OF LOAN DOCUMENTS

1. Mortgage Note dated April 18, 1978 in the original principal amount of $180,000.00 executed by 912 Properties, Inc. to Prudential Savings Bank with Allonge to Note from Prudential Savings Bank to New York Community Bank, its successors and/or assigns without recourse and Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

2. First Mortgage dated April 18, 1978 between 912 Properties, Inc. and Prudential Savings Bank in the original principal amount of $180,000.00 recorded in the Office of the City Register of the City of New York on April 21, 1978 in Reel 435, Page 718.

3. Mortgage Note dated October 12, 1978 in the original principal amount of $20,000.00 executed by 912 Properties, Inc. to Prudential Savings Bank with Allonge to Note from Prudential Savings Bank to New York Community Bank, its successors and/or assigns without recourse and Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

4. First Mortgage dated October 12, 1978 between 912 Properties, Inc. and Prudential Savings Bank in the original principal amount of $20,000.00 recorded in the Office of the City Register of the City of New York on October 17, 1978 in Reel 456, Page 1860.

5. Consolidation and Extension Agreement dated October 12, 1978 between Prudential Savings Bank and 912 Properties, Inc. in the original principal amount of $197,502.45 recorded in the Office of the City Register of the City of New York on October 24, 1978 in Reel 457, Page 1522.

6. Note dated May 1, 1979 in the original principal amount of $286,000.00 executed by Barmel Housing Corp. to Crown Realty Co.

7. Mortgage dated May 1, 1979 between Barmel Housing corp. and Crown Realty Co. in the original principal amount of $286,000.00 recorded in the Office of the City Register of the City of New York on May 16, 1979 in Reel 481, Page 961.

8. Assignment of Mortgage dated January 2, 1986 made by Crown Realty Co., to Abner Fastenberg, Francine Levine and Elaine Smith recorded in the Office of the City Register of the City of New York on March 17, 1986 in Reel 1038, Page 1963.

9. Assignment of Mortgage dated June 15, 1988 made by Abner Fastenberg, Francine Levine and Elaine Smith to Emigrant Savings Bank recorded in the Office of the City Register of the City of New York on June 23, 1988 in Reel 1420, Page 897.

10. Mortgage Note dated June 16, 1988 in the original principal amount of $1,183,525.87 executed by 25th Realty Associates to Emigrant Savings Bank with Allonge to Note from Emigrant Savings Bank to New York Community Bank, its successors and/or assigns without recourse and Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

11. Mortgage dated June 16, 1988 between 25th Realty Associates and Emigrant Savings Bank in the original principal amount of $1,183,525.87 recorded in the Office of the City Register of the City of New York on June 23, 1988 in Reel 1420, Page 899.

12. Extension and Modification of Mortgage Agreement dated June 16, 1988 between Emigrant Savings Bank and 25th Realty Associates in the original principal amount of $1,600,000.00 recorded in the Office of the City Register of the City of New York on June 23, 1988 in Reel 1420, Page 908.

13. Extension and Modification of Mortgage Agreement dated April 1, 1993 between Emigrant Savings Bank and 25th Realty Associates recorded in the Office of the City Register of the City of New York on May 19, 1993 in Reel 1971, Page 2029.

14. Mortgage Note dated June 11, 1997 in the original principal amount of $371,289.54 executed by 25th Realty Associates to Emigrant Savings Bank with Allonge to Note from Emigrant Savings Bank to New York Community Bank, its successors and/or assigns without recourse and Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

15. First Mortgage dated June 11, 1997 between 25th Realty Associates and Emigrant Savings Bank in the original principal amount of $371,289.54 recorded in the Office of the City Register of the City of New York on November 12, 1997 in Reel 2513, Page 2092.

16. Consolidation, Modification and Extension Agreement dated June 11, 1997 between Emigrant Savings Bank and 25th Realty Associates in the original principal amount of $1,750,000.00 recorded in the Office of the City Register of the City of New York on November 12, 1997 in Reel 2513, Page 2100.

17. Assignment of Mortgage dated April 19, 2001 made by Emigrant Savings Bank to New York Community Bank recorded in the Office of the City Register of the City of New York on May 10, 2001 in Reel 3286, Page 1422.

18. Promissory Note dated April 19, 2001 in the original principal amount of $4,344,264.53 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

19. Mortgage dated April 19, 2001 between 208-214 E. 25th St., LLC and New York Community Bank in the original principal amount of $4,344,264.53 recorded in the

Office of the City Register of the City of New York on May 10, 2001 in Reel 3286, Page 1405.

20. Substitute and Restated Promissory Note dated April 19, 2001 in the original principal amount of $6,000,000.00 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

21. Consolidation, Modification and Extension Agreement dated April 19, 2001 between New York Community Bank and 208-214 E. 25th St., LLC in the original principal amount of $6,000,000.00 recorded in the Office of the City Register of the City of New York on May 10, 2001 in Reel 3286, Page 1431.

22. Promissory Note dated January 22, 2003 in the original principal amount of $3,153,718.90 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

23. Mortgage dated January 22, 2003 between 208-214 E. 25th St., LLC and New York Community Bank in the original principal amount of $3,153,718.90 recorded in the Office of the City Register of the City of New York on February 10, 2003 in CRFN 2003000014767.

24. Substitute and Restated Promissory Note dated January 22, 2003 in the original principal amount of $9,000,000.00 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

25. Consolidation, Modification and Extension Agreement dated January 22, 2003 between New York Community Bank and 208-214 E. 25th St., LLC in the original principal amount of $9,000,000.00 recorded in the Office of the City Register of the City of New York on February 10, 2003 in CRFN 2003000014768.

26. Promissory Note dated June 16, 2005 in the original principal amount of $2,239,725.50 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

27. Mortgage dated June 16, 2005 between 208-214 E. 25th St., LLC and New York Community Bank in the original principal amount of $2,239,725.50 recorded in the Office of the City Register of the City of New York on July 14, 2005 in CRFN 2005000396483.

28. Substitute and Restated Promissory Note dated June 16, 2005 in the original principal amount of $11,000,000.00 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

29. Consolidation, Modification and Extension Agreement dated June 16, 2005 between New York Community Bank and 208-214 E. 25th St., LLC in the original principal amount of $11,000,000.00 recorded in the Office of the City Register of the City of New York on July 14, 2005 in CRFN 2005000396484.

30. Gap Mortgage Note dated January 23, 2012 in the original principal amount of $10,573,836.26 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

31. Mortgage, Assignment of Leases and Rents, and Security Agreement dated January 23, 2012 between 208-214 E. 25th St., LLC and New York Community Bank in the original principal amount of $10,573,836.26 recorded in the Office of the City Register of the City of New York on February 2, 2012 in CRFN 2012000047703.

32. Amended and Restated Mortgage Note dated January 23, 2012 in the original principal amount of $21,000,000.00 executed by 208-214 E. 25th St., LLC to New York Community Bank with Allonge from New York Community Bank to BankUnited, N.A., its successors and/or assigns.

33. Consolidation, Extension and Modification Agreement dated January 23, 2012 between New York Community Bank and 208-214 E. 25th St., LLC in the original principal amount of $21,000,000.00 recorded in the Office of the City Register of the City of New York on February 2, 2012 in CRFN2012000047704.

34. Assignment of Mortgage dated March 30, 2016 made by New York Community Bank to BankUnited, N.A. recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124272.

35. Gap Mortgage Note dated March 30, 2016 in the original principal amount of $5,738,137.31 executed by 208-214E. 25th St, LLC to BankUnited, N.A.

36. Gap Mortgage dated as of March 30, 2016 between 208-214 E. 25th St, LLC and BankUnited, N.A. in the original principal amount of $5,738,137.31 recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124273.

37. Restated Mortgage Note dated March 30, 2016 in the original principal amount of $25,000,000.00 executed by 208-214 E. 25th St, LLC to BankUnited, N.A.

38. Consolidation and Extension Agreement dated as of March 30, 2016 between 208-214 E. 25th St, LLC and BankUnited, N.A. in the original principal amount of $25,000,000.00 recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124274.

39. Assignment of Rents dated as of March 30, 2016 made by 208-214 E. 25th St, LLC to BankUnited, N.A. recorded in the Office of the City Register of the City of New York on April 8, 2016 as CRFN 2016000124275.

40. Non-Recourse Guaranty dated March 30, 2016 by Steven Croman for the benefit of BankUnited, N.A.

41. Environmental Indemnity Agreement dated March 30, 2016 executed by 208-214 25th St. LLC and Steven Croman in favor of BankUnited, N.A.

42. Rent Roll Certification dated March 30, 2016 executed by 208-214 25th St, LLC in favor of BankUnited, N.A.

43. UCC-1 Financing Statement recorded in the Office of the City Register of the City of New York on April 7, 2016 as CRFN 2016000123195.

44. UCC-3 Financing Statement Amendment (Continuation) recorded in the Office of the City Register of the City of New York on January 22, 2021 as CRFN 2021000027599.

45. Loan Policy of Title Insurance, Policy No. M-8912-001201300