# EXHIBIT H

# 25TH STREET MULTIFAMILY LLC
## 100 Park Avenue, Suite 2805
## New York, New York 10017

August 12, 2021

***All Via Overnight Courier***

208-214 E. 25th St, LLC
c/o 9300 Realty
632 Broadway, 7th Floor
New York, New York 10012
Attn: Steven Croman

Steven Croman
238 East 67th Street
New York, New York 10021

208-214 E. 25th St, LLC
740 Broadway Ste 2nd Fl
New York, New York 10003

Steven Croman
12 E 72nd Street
New York, New York 10021

Re: 208-214 East 25th Street, New York, New York (Block 905, Lots 50-53) (collectively, the "**Property**")

To whom it may concern:

Reference is hereby made to that certain loan in the original principal amount of $25,000,000.00 ("**Loan**") evidenced by, among other things, (i) that certain *Restated Mortgage Note* dated as of March 30, 2016 in the original principal amount of $25,000,000.00 (the "**Note**") duly executed and delivered by 208-214 E. 25th St, LLC (the "**Borrower**") in favor of BankUnited, N.A. ("**Original Lender**"), (ii) that certain *Consolidation and Extension Agreement* dated as of March 30, 2016 in the original principal amount of $25,000,000.00 (the "**Mortgage**") duly executed and delivered by Borrower in favor of Original Lender and encumbering the Property, and (iii) that certain *Non-Recourse Guaranty* dated as of March 30, 2016 ("**Guaranty**"; together with the Note, Mortgage and all other documents evidencing the Loan and executed in connection therewith, collectively, the "**Loan Documents**") duly executed and delivered by Steven Croman (the "**Guarantor**") in favor of Original Lender. Reference is further made to that certain *Assignment of Mortgage* dated as of August 12, 2021 assigning all title, rights, and interests in and to the Loan Documents to 25th Street Multifamily LLC ("**Lender**"). Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Mortgage.

Pursuant to the COVID-19 Emergency Protect Our Small Business Act of 2021 (S 471A/A 3207) ("**Act**"), a person or entity who owns commercial real property as defined in the Act and has suffered financial hardship during the COVID-19 pandemic and has submitted a Hardship Declaration Form, affirming under penalty of perjury cannot be subject to the commencement of a mortgage foreclosure action until at least August 31, 2021.

A copy of the Hardship Declaration Form is enclosed. If you believe you qualify for protection from foreclosure, you can submit a completed and executed Hardship Declaration Form

to the Lender in accordance with the notice provisions of the Loan Documents or via email to the Lender at thooker@maverickrep.com. You should keep a copy or picture of the signed Hardship Declaration Form to: 25th Street Multifamily LLC, 100 Park Avenue, Suite 2805, New York, New York 10017.

If you need further information and/or general information on the COVID-19 Emergency Protect Our Small Businesses Act of 2021 please visit: https://nycourts.gov/eposba/

Sincerely yours,

**25TH STREET MULTIFAMILY LLC**

By: _____

Thomas Hooker
100 Park Avenue, Suite 2805
New York, New York 10017
(347) 539-4705



# NOTICE TO COMMERCIAL MORTGAGOR:

If you have lost significant revenue or had significantly increased necessary costs during the COVID-19 pandemic, and you sign and deliver this hardship declaration form to your mortgage lender or other foreclosing party, you cannot be foreclosed on until at least August 31, 2021.

If your mortgage lender or other foreclosing party provided you with this form, the mortgage lender or other foreclosing party must also provide you with a mailing address and e-mail address to which you can return this form. If you are already in foreclosure proceedings, you may return this form to the court. You should keep a copy or picture of the signed form for your records. You will still owe any unpaid mortgage payments and lawful fees to your lender. You should also keep careful track of what you have paid and any amount you still owe.

Index Number (if known/applicable): _____

County and Court (if known/applicable): _____

# COMMERCIAL MORTGAGOR'S DECLARATION OF COVID-19-RELATED HARDSHIP

I am the owner, chief executive officer, president, or similar officer of (name of business),

_____

which is the mortgagor of the property at (address of commercial unit).

_____

FILED: NEW YORK COUNTY CLERK 07/23/2021 02:12 PM    INDEX NO. 850189/2021
NYSCEF DOC. NO. 13                                  RECEIVED NYSCEF: 10/11/202
                                                    RECEIVED NYSCEF: 08/13/2021

N    Pg 5 of 46

☐ My business owns, whether directly or indirectly, ten or fewer commercial units. My business is resident in New York State, independently owned and operated, not dominant in its field, and employs fifty or fewer persons. My business is experiencing financial hardship and is unable to pay the mortgage in full because of one or more of the following:

1. Significant loss of revenue during the COVID-19 pandemic.

2. Significant increase in necessary expenses related to providing personal protective equipment to employees or purchasing and installing other protective equipment to prevent the transmission of COVID-19 within the business.

3. Moving expenses and difficulty in securing an alternative commercial property make it a hardship for the business to relocate to another property during the COVID-19 pandemic.

4. One or more of the business's tenants has defaulted on a significant amount of their rent payments since March 1, 2020.

To the extent that the business has lost revenue or had increased expenses, any public assistance the business has received since the start of the COVID-19 pandemic does not fully make up for the business's loss of revenue or increased expenses.

I understand that the business must comply with all other lawful terms under my commercial mortgage agreement. I further understand that lawful fees, penalties or interest for not having paid the mortgage in full as required by the commercial mortgage agreement may still be charged or collected and may result in a monetary judgment. I also understand that the mortgage lender or other foreclosing party may pursue a foreclosure action against the business on or after August 31, 2021, if I do not fully repay any missed or partial payments and lawful fees.

Signed: _____

Printed name: _____

Date signed: _____

**NOTICE:** You are signing and submitting this form under penalty of law. That means it is against the law to make a statement on this form that you know is false.

Commercial Foreclosure Notice - English

# EXHIBIT I



# *WebCivil Supreme - eFiled Documents Detail*

| | |
|---|---|
| Court: | **New York Supreme Court** |
| Index Number: | **850189/2021** |
| Case Name: | **25TH STREET MULTIFAMILY LLC vs. 208-214 E. 25TH ST, LLC et al** |
| Case Type: | **RP-Mortgage Foreclosure-Commercial** |
| Track: | **Standard** |

## Document List - Click on the document name to view the document

| Document # | Date Received/Filed | Document | Description | Motion # | Filing User |
|---|---|---|---|---|---|
| 1 | 08/13/2021 | SUMMONS + COMPLAINT | Summons and Complaint | | ROBERT A ABRAMS |
| 2 | 08/13/2021 | EXHIBIT(S) | Restated Mortgage Note | | ROBERT A ABRAMS |
| 3 | 08/13/2021 | EXHIBIT(S) | Mortgage | | ROBERT A ABRAMS |
| 4 | 08/13/2021 | EXHIBIT(S) | Assignment of Rents | | ROBERT A ABRAMS |
| 5 | 08/13/2021 | EXHIBIT(S) | Non-Recourse Guaranty | | ROBERT A ABRAMS |
| 6 | 08/13/2021 | EXHIBIT(S) | UCCs | | ROBERT A ABRAMS |
| 7 | 08/13/2021 | EXHIBIT(S) | Assignment of Mortgage | | ROBERT A ABRAMS |
| 8 | 08/13/2021 | EXHIBIT(S) | Assignment of Assignment of Rents | | ROBERT A ABRAMS |
| 9 | 08/13/2021 | EXHIBIT(S) | Assignment of UCCs | | ROBERT A ABRAMS |
| 10 | 08/13/2021 | EXHIBIT(S) | Omnibus Assignment of Loan Documents | | ROBERT A ABRAMS |
| 11 | 08/13/2021 | EXHIBIT(S) | Notice of Default and Acceleration | | ROBERT A ABRAMS |
| 12 | 08/13/2021 | EXHIBIT(S) | Notice of Assignment of Loan Documents | | ROBERT A ABRAMS |
| 13 | 08/13/2021 | EXHIBIT(S) | Letters to Borrower re Hardship | | ROBERT A ABRAMS |
| 14 | 08/13/2021 | AFFIDAVIT | Affidavit of Compliance with the COVID-19 Emergency Protect Our Small Business Act of 2021 | | ROBERT A ABRAMS |
| 15 | 08/13/2021 | EXHIBIT(S) | Letters to Borrower and Guarantor with Hardship Declaration | | ROBERT A ABRAMS |
| 16 | 08/13/2021 | EXHIBIT(S) | Postal Tracking Information | | ROBERT A ABRAMS |
| 17 | 08/13/2021 | NOTICE OF PENDENCY | Notice of Pendency | | ROBERT A ABRAMS |
| 18 | 09/02/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of Service - 208-214 E. 25th St, LLC | | ROBERT A ABRAMS |
| 19 | 09/02/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of Service - Criminal Court of the City of New York | | ROBERT A ABRAMS |
| 20 | 09/08/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of Service - Steven Croman | | ROBERT A ABRAMS |
| 21 | 09/30/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of Posting | | ROBERT A ABRAMS |
| 22 | 09/30/2021 | STIPULATION - TIME TO ANSWER | Stipulation to extend time to respond to complaint | | AARON J SOLOMON |
| 23 | 10/11/2021 | NOTICE OF MOTION | --none-- | 001 | JENNIFER PIERCE |
| 24 | 10/11/2021 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | Affidavit of Steven Croman | 001 | JENNIFER PIERCE |
| 25 | 10/11/2021 | EXHIBIT(S) | Complaint | 001 | JENNIFER PIERCE |
| 26 | 10/11/2021 | EXHIBIT(S) | Note | 001 | JENNIFER PIERCE |
| 27 | 10/11/2021 | EXHIBIT(S) | Mortgage | 001 | JENNIFER PIERCE |

| | | | | | |
|---|---|---|---|---|---|
| 28 | 10/11/2021 | EXHIBIT(S) | Notice of Default | 001 | JENNIFER PIERCE |
| 29 | 10/11/2021 | EXHIBIT(S) | Assignment of Mortgage | 001 | JENNIFER PIERCE |
| 30 | 10/11/2021 | EXHIBIT(S) | August 12, 2021 Letter and Hardship Declaration | 001 | JENNIFER PIERCE |
| 31 | 10/11/2021 | EXHIBIT(S) | Borrower's Cure Payment | 001 | JENNIFER PIERCE |
| 32 | 10/11/2021 | EXHIBIT(S) | Plaintiff's Rejection of the Cure Payment | 001 | JENNIFER PIERCE |
| 33 | 10/11/2021 | MEMORANDUM OF LAW IN SUPPORT | --none-- | 001 | JENNIFER PIERCE |
| 34 | 10/11/2021 | RJI -RE: NOTICE OF MOTION | --none-- | 001 | JENNIFER PIERCE |
| 35 | 10/15/2021 | LETTER APPLICATION TO ADMINISTRATIVE JUDGE REQUESTING ASSIGNMENT TO COMMERCIAL DIVISION | Letter to J. Kaplan Requesting Assignment to Commercial Division | | ROBERT A ABRAMS |
| 36 | 10/20/2021 | ADJOURNMENT OF MOTION -REQUEST -IN SUBMISSIONS PART -RM 130 | Affirmation in Support of Application For Adjournment of Motion | 001 | STEVEN H NEWMAN |
| 37 | 10/20/2021 | ADJOURNMENT OF MOTION -OPPOSITION TO REQUEST -IN SUBMISSIONS PART -RM 130 | Affidavit in Opposition to Request for Adjournment | 001 | AARON J SOLOMON |
| 38 | 10/21/2021 | ADJOURNMENT OF MOTION -REQUEST -IN SUBMISSIONS PART -RM 130 | Reply Affirmation In Support of Application For Adjournment | 001 | STEVEN H NEWMAN |
| 39 | 10/21/2021 | BRIEFING SCHEDULE | NEW BRIEFING SCHEDULE PER REF | 001 | Gregory Gonsleski court user |
| 40 | 11/03/2021 | ADMINISTRATIVE ORDER GRANTING/DENYING REQUEST TO ASSIGN CASE TO COMMERCIAL DIVISION | --none-- | | Lokhmattie Mahabeer court user |
| 41 | 11/20/2021 | MEMORANDUM OF LAW IN OPPOSITION | --none-- | 001 | ROBERT A ABRAMS |
| 42 | 11/20/2021 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Affidavit of Thomas Hooker | 001 | ROBERT A ABRAMS |
| 43 | 11/22/2021 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | Stipulation Adjourning Motion and Briefing Schedule | 001 | ROBERT A ABRAMS |
| 44 | 12/07/2021 | MEMORANDUM OF LAW IN REPLY | --none-- | 001 | AARON J SOLOMON |
| 45 PENDING | 12/20/2021 | EXPARTE ORDER (PROPOSED) | Proposed Ex Parte Order Appointing Temporary Receiver in a Foreclosure Action | 002 | ROBERT A ABRAMS |
| 46 | 12/20/2021 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | Affidavit of Jason Leibowitz in Support of Emergency Ex Parte Motion for an Order Appointing Temporary Receiver | 002 | ROBERT A ABRAMS |
| 47 | 12/20/2021 | EXHIBIT(S) | Summons and Complaint | 002 | ROBERT A ABRAMS |
| 48 | 12/20/2021 | EXHIBIT(S) | Notice of Pendency | 002 | ROBERT A ABRAMS |
| 49 | 12/20/2021 | EXHIBIT(S) | Borrower Memorandum of Law - NYSCEF No. 33 | 002 | ROBERT A ABRAMS |
| 50 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower Revoking Right to Collect Rents | 002 | ROBERT A ABRAMS |
| 51 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Tenants | 002 | ROBERT A ABRAMS |
| 52 | 12/20/2021 | EXHIBIT(S) | Letter from Borrower to Tenants | 002 | ROBERT A ABRAMS |
| 53 | 12/20/2021 | EXHIBIT(S) | Rent Roll | 002 | ROBERT A ABRAMS |
| 54 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower Requesting Proof of Insurance | 002 | ROBERT A ABRAMS |
| 55 | 12/20/2021 | EXHIBIT(S) | Affidavit of Steven Croman - NYSCEF No. 24 | 002 | ROBERT A ABRAMS |
| 56 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower Requesting Access | 002 | ROBERT A ABRAMS |
| 57 | 12/20/2021 | EXHIBIT(S) | Tax Bills | 002 | ROBERT A ABRAMS |
| 58 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower re Tax Defaults | 002 | ROBERT A ABRAMS |
| 59 | 12/20/2021 | EXHIBIT(S) | Letter from Borrower to Lender enclosing checks | 002 | ROBERT A ABRAMS |
| 60 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower re checks | 002 | ROBERT A ABRAMS |
| 61 | 12/20/2021 | EXHIBIT(S) | Letter from Borrower to Lender re checks | 002 | ROBERT A ABRAMS |
| 62 | 12/20/2021 | EXHIBIT(S) | Letter from Lender to Borrower returning checks | 002 | ROBERT A ABRAMS |
| 63 | 12/20/2021 | EXHIBIT(S) | New York Times Article | 002 | ROBERT A ABRAMS |
| 64 | 12/20/2021 | EXHIBIT(S) | Attorney General Press Release | 002 | ROBERT A ABRAMS |
| 65 | 12/20/2021 | AFFIDAVIT | Affidavit of Juan Bustabad | 002 | ROBERT A ABRAMS |

| 66 | 12/20/2021 | EXHIBIT(S) | Restated Mortgage Note | 002 | ROBERT A ABRAMS |
|----|------------|------------|------------------------|-----|-----------------|
| 67 | 12/20/2021 | EXHIBIT(S) | Mortgage | 002 | ROBERT A ABRAMS |
| 68 | 12/20/2021 | EXHIBIT(S) | Assignment of Rents | 002 | ROBERT A ABRAMS |
| 69 | 12/20/2021 | EXHIBIT(S) | Guaranty | 002 | ROBERT A ABRAMS |
| 70 | 12/20/2021 | EXHIBIT(S) | UCC's | 002 | ROBERT A ABRAMS |
| 71 | 12/20/2021 | EXHIBIT(S) | Assignment of Mortgage | 002 | ROBERT A ABRAMS |
| 72 | 12/20/2021 | EXHIBIT(S) | Assignment of Assignment of Rents | 002 | ROBERT A ABRAMS |
| 73 | 12/20/2021 | EXHIBIT(S) | Assignment of UCCs | 002 | ROBERT A ABRAMS |
| 74 | 12/20/2021 | EXHIBIT(S) | Omnibus Assignment | 002 | ROBERT A ABRAMS |
| 75 | 12/20/2021 | EXHIBIT(S) | Affidavit of Steven Croman - NYSCEF No. 24 | 002 | ROBERT A ABRAMS |
| 76 | 12/20/2021 | EXHIBIT(S) | Loan Payment History | 002 | ROBERT A ABRAMS |
| 77 | 12/20/2021 | EXHIBIT(S) | June Installment Statement | 002 | ROBERT A ABRAMS |
| 78 | 12/20/2021 | EXHIBIT(S) | June Account Statement | 002 | ROBERT A ABRAMS |
| 79 | 12/20/2021 | EXHIBIT(S) | BankUnited Email dated June 30, 2021 re Past Due Mortgage | 002 | ROBERT A ABRAMS |
| 80 | 12/20/2021 | EXHIBIT(S) | July Installment Statement | 002 | ROBERT A ABRAMS |
| 81 | 12/20/2021 | EXHIBIT(S) | July Account Statement | 002 | ROBERT A ABRAMS |
| 82 | 12/20/2021 | EXHIBIT(S) | Borrower Email dated August 5, 2021 | 002 | ROBERT A ABRAMS |
| 83 | 12/20/2021 | EXHIBIT(S) | August Account Statement | 002 | ROBERT A ABRAMS |
| 84 | 12/20/2021 | EXHIBIT(S) | BankUnited Email dated August 11, 2021 | 002 | ROBERT A ABRAMS |
| 85 | 12/20/2021 | EXHIBIT(S) | Notice of Default and Acceleration | 002 | ROBERT A ABRAMS |
| 86 | 12/20/2021 | EXHIBIT(S) | BankUnited Letter dated April 20, 2021 | 002 | ROBERT A ABRAMS |
| 87 | 12/20/2021 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | Affirmation of Robert A. Abrams | 002 | ROBERT A ABRAMS |
| 88 | 12/20/2021 | MEMORANDUM OF LAW IN SUPPORT | Memorandum of Law in Support of Emergency Ex Parte Motion for the Appointment of a Receiver | 002 | ROBERT A ABRAMS |
| 89 | 01/24/2022 | DECISION + ORDER ON MOTION | --none-- | 001 | Tamika Wright court user |
| 90 PENDING | 01/06/2022 | LETTER / CORRESPONDENCE TO JUDGE | --none-- | 002 | AARON J SOLOMON |
| 91 PENDING | 01/06/2022 | LETTER / CORRESPONDENCE TO JUDGE | Letter to Justice Kahn, dated January 6, 2022 | 002 | ROBERT A ABRAMS |
| 92 | 01/06/2022 | EXHIBIT(S) | Tax Bills - Past Due | 002 | ROBERT A ABRAMS |
| 93 | 01/06/2022 | EXHIBIT(S) | The Real Deal - Article dated December 21, 2021 | 002 | ROBERT A ABRAMS |
| 94 | 01/07/2022 | ANSWER | --none-- | 002 | JENNIFER PIERCE |
| 95 | 01/24/2022 | NOTICE OF ENTRY | Notice of Entry of Decision + Order on Motion | 001 | ROBERT A ABRAMS |
| 96 PENDING | 02/15/2022 | STIPULATION - ADJOURNMENT OF CONFERENCE | --none-- | 002 | AARON J SOLOMON |
| 97 | 02/17/2022 | STIPULATION - SO ORDERED | SO ORDERD STIP ADJOURNING CONFERENCE | 002 | Tamika Wright court user |
| 98 | 02/28/2022 | ORDER - STATUS CONFERENCE | --none-- | 002 | Tamika Wright court user |
| 99 PENDING | 03/16/2022 | LETTER / CORRESPONDENCE TO JUDGE | Letter to Justice Kahn III, dated March 16, 2022 | 002 | ROBERT A ABRAMS |
| 100 | 03/18/2022 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Affidavit of Steven Croman | 002 | JENNIFER PIERCE |
| 101 | 03/18/2022 | EXHIBIT(S) | Proof of Insurance | 002 | JENNIFER PIERCE |
| 102 | 03/18/2022 | EXHIBIT(S) | Check | 002 | JENNIFER PIERCE |
| 103 | 03/18/2022 | MEMORANDUM OF LAW IN OPPOSITION | --none-- | 002 | JENNIFER PIERCE |
| 104 | 03/24/2022 | AFFIDAVIT OR AFFIRMATION IN REPLY | Reply Affirmation of Steven H. Newman | 002 | ROBERT A ABRAMS |
| 105 | 03/24/2022 | EXHIBIT(S) | Status Conference Order dated February 24, 2022 | 002 | ROBERT A ABRAMS |

| 106 | 03/24/2022 | EXHIBIT(S) | Decision + Order on Motion dated December 23, 2021 | 002 | ROBERT A ABRAMS |
| 107 | 03/24/2022 | EXHIBIT(S) | Article from The Real Deal | 002 | ROBERT A ABRAMS |
| 108 | 03/24/2022 | EXHIBIT(S) | Letter to Justice Kahn dated March 16, 2022 | 002 | ROBERT A ABRAMS |
| 109 | 03/24/2022 | EXHIBIT(S) | E-Mail from Defendants to Justice Kahn, dated March 16, 2022 | 002 | ROBERT A ABRAMS |
| 110 | 03/24/2022 | EXHIBIT(S) | E-Mail from Plaintiff to Justice Kahn, dated March 16, 2022 | 002 | ROBERT A ABRAMS |
| 111 | 03/24/2022 | EXHIBIT(S) | Outstanding Real Estate Taxes | 002 | ROBERT A ABRAMS |
| 112 | 03/24/2022 | MEMORANDUM OF LAW IN REPLY | Reply Memorandum of Law in Further Support of Emergency Ex Parte Motion for the Appointment of a Receiver | 002 | ROBERT A ABRAMS |
| 113 | 03/29/2022 | NOTICE OF MOTION | Notice of Motion | 003 | ROBERT A ABRAMS |
| 114 | 03/29/2022 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | Affidavit of Jason Leibowitz | 003 | ROBERT A ABRAMS |
| 115 | 03/29/2022 | EXHIBIT(S) | Summons and Complaint (bookmarked) | 003 | ROBERT A ABRAMS |
| 116 | 03/29/2022 | EXHIBIT(S) | Notice of Pendency | 003 | ROBERT A ABRAMS |
| 117 | 03/29/2022 | EXHIBIT(S) | Stipulation | 003 | ROBERT A ABRAMS |
| 118 | 03/29/2022 | EXHIBIT(S) | Affidavit of Steven Croman | 003 | ROBERT A ABRAMS |
| 119 | 03/29/2022 | EXHIBIT(S) | Defendants' Memorandum of Law re Motion to Dismiss | 003 | ROBERT A ABRAMS |
| 120 | 03/29/2022 | EXHIBIT(S) | Decision + Order on Motion dated December 23, 2021 | 003 | ROBERT A ABRAMS |
| 121 | 03/29/2022 | EXHIBIT(S) | Answer and Affirmative Defenses | 003 | ROBERT A ABRAMS |
| 122 | 03/29/2022 | EXHIBIT(S) | Assignment of Mortgage | 003 | ROBERT A ABRAMS |
| 123 | 03/29/2022 | EXHIBIT(S) | Assignment of Assignment of Rents | 003 | ROBERT A ABRAMS |
| 124 | 03/29/2022 | EXHIBIT(S) | Assignment of UCCs | 003 | ROBERT A ABRAMS |
| 125 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated September 21, 2021 | 003 | ROBERT A ABRAMS |
| 126 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated September 23, 2021 | 003 | ROBERT A ABRAMS |
| 127 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated September 25, 2021 | 003 | ROBERT A ABRAMS |
| 128 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated September 30, 2021 | 003 | ROBERT A ABRAMS |
| 129 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated September 30, 2021 | 003 | ROBERT A ABRAMS |
| 130 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated October 8, 2021 | 003 | ROBERT A ABRAMS |
| 131 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated November 9, 2021 | 003 | ROBERT A ABRAMS |
| 132 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated December 10, 2021 | 003 | ROBERT A ABRAMS |
| 133 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated January 10, 2022 | 003 | ROBERT A ABRAMS |
| 134 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated February 7, 2022 | 003 | ROBERT A ABRAMS |
| 135 | 03/29/2022 | EXHIBIT(S) | Defendants' Letter dated March 7, 2022 | 003 | ROBERT A ABRAMS |
| 136 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated October 11, 2021 | 003 | ROBERT A ABRAMS |
| 137 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated November 12, 2021 | 003 | ROBERT A ABRAMS |
| 138 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated December 13, 2021 | 003 | ROBERT A ABRAMS |
| 139 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated January 12, 2022 | 003 | ROBERT A ABRAMS |
| 140 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated February 8, 2022 | 003 | ROBERT A ABRAMS |
| 141 | 03/29/2022 | EXHIBIT(S) | Plaintiff's Letter dated March 10, 2022 | 003 | ROBERT A ABRAMS |
| 142 | 03/29/2022 | EXHIBIT(S) | Article from The New York Times | 003 | ROBERT A ABRAMS |
| 143 | 03/29/2022 | EXHIBIT(S) | Attorney General Press Release | 003 | ROBERT A ABRAMS |
| 144 | 03/29/2022 | EXHIBIT(S) | Article from The Real Deal | 003 | ROBERT A ABRAMS |
| 145 | 03/29/2022 | AFFIDAVIT | Affidavit of Juan Bustabad | 003 | ROBERT A ABRAMS |

| 146 | 03/29/2022 | EXHIBIT(S) | Amended & Restated Mortgage Note | 003 | ROBERT A ABRAMS |
|---|---|---|---|---|---|
| 147 | 03/29/2022 | EXHIBIT(S) | Mortgage | 003 | ROBERT A ABRAMS |
| 148 | 03/29/2022 | EXHIBIT(S) | Assignment of Rents | 003 | ROBERT A ABRAMS |
| 149 | 03/29/2022 | EXHIBIT(S) | Guaranty | 003 | ROBERT A ABRAMS |
| 150 | 03/29/2022 | EXHIBIT(S) | UCCs | 003 | ROBERT A ABRAMS |
| 151 | 03/29/2022 | EXHIBIT(S) | Assignment of Mortgage | 003 | ROBERT A ABRAMS |
| 152 | 03/29/2022 | EXHIBIT(S) | Assignment of Assignment of Rents | 003 | ROBERT A ABRAMS |
| 153 | 03/29/2022 | EXHIBIT(S) | Assignment of UCCs | 003 | ROBERT A ABRAMS |
| 154 | 03/29/2022 | EXHIBIT(S) | Omnibus Assignment | 003 | ROBERT A ABRAMS |
| 155 | 03/29/2022 | EXHIBIT(S) | Affidavit of Steven Croman | 003 | ROBERT A ABRAMS |
| 156 | 03/29/2022 | EXHIBIT(S) | Loan Payment History | 003 | ROBERT A ABRAMS |
| 157 | 03/29/2022 | EXHIBIT(S) | June Installment Statement | 003 | ROBERT A ABRAMS |
| 158 | 03/29/2022 | EXHIBIT(S) | June Account Statement | 003 | ROBERT A ABRAMS |
| 159 | 03/29/2022 | EXHIBIT(S) | E-Mail dated June 30, 2021 | 003 | ROBERT A ABRAMS |
| 160 | 03/29/2022 | EXHIBIT(S) | July Installment Statement | 003 | ROBERT A ABRAMS |
| 161 | 03/29/2022 | EXHIBIT(S) | July Account Statement | 003 | ROBERT A ABRAMS |
| 162 | 03/29/2022 | EXHIBIT(S) | E-Mail dated August 4, 2021 | 003 | ROBERT A ABRAMS |
| 163 | 03/29/2022 | EXHIBIT(S) | August Account Statement | 003 | ROBERT A ABRAMS |
| 164 | 03/29/2022 | EXHIBIT(S) | E-Mail dated August 11, 2021 | 003 | ROBERT A ABRAMS |
| 165 | 03/29/2022 | EXHIBIT(S) | Notice of Default and Acceleration dated August 11, 2021 | 003 | ROBERT A ABRAMS |
| 166 | 03/29/2022 | EXHIBIT(S) | Letter dated April 20, 2021 | 003 | ROBERT A ABRAMS |
| 167 | 03/29/2022 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | Affirmation of Regularity of Robert A. Abrams | 003 | ROBERT A ABRAMS |
| 168 | 03/29/2022 | EXHIBIT(S) | Affidavit of Service - 208-214 E. 25th St, LLC | 003 | ROBERT A ABRAMS |
| 169 | 03/29/2022 | EXHIBIT(S) | Affidavit of Service - Criminal Court | 003 | ROBERT A ABRAMS |
| 170 | 03/29/2022 | EXHIBIT(S) | Affidavit of Service - Steven Croman | 003 | ROBERT A ABRAMS |
| 171 | 03/29/2022 | EXHIBIT(S) | Stipulation | 003 | ROBERT A ABRAMS |
| 172 | 03/29/2022 | MEMORANDUM OF LAW IN SUPPORT | Memorandum of Law in Support of Motion | 003 | ROBERT A ABRAMS |
| 173 | 04/08/2022 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | --none-- | 003 | JENNIFER PIERCE |
| 174 | 05/02/2022 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | Stipulation re Briefing Schedule and June 13, 2022 Return Date | 003 | ROBERT A ABRAMS |
| 175 | 05/04/2022 | MEMORANDUM OF LAW IN OPPOSITION | --none-- | 003 | JENNIFER PIERCE |
| 176 | 05/11/2022 | DECISION + ORDER ON MOTION | --none-- | 002 | Tamika Wright court user |
| 177 | 05/11/2022 | NOTICE OF ENTRY | Notice of Entry of Order | 002 | ROBERT A ABRAMS |
| 178 | 05/16/2022 | NOTICE OF APPEAL | Notice of Appeal with Notice of Entry of Decision, and Informational Statement | 002 | AARON J SOLOMON |
| 179 | 05/17/2022 | STATEMENT OF MATERIAL FACTS | Statement of Material Facts Pursuant to 202.8-g | 003 | ROBERT A ABRAMS |
| 180 PENDING | 05/18/2022 | LETTER / CORRESPONDENCE TO JUDGE | Letter to Justice Kahn Requesting Memo Endorsement | 003 | ROBERT A ABRAMS |
| 181 PENDING | 05/18/2022 | LETTER / CORRESPONDENCE TO JUDGE | Response to Plaintiff's Letter | 003 | AARON J SOLOMON |
| 182 | 05/19/2022 | BOND/UNDERTAKING | --none-- | | HAYLEY R. GREENBERG |
| 183 | 05/19/2022 | OATH | --none-- | | HAYLEY R. GREENBERG |
| 184 PENDING | 05/19/2022 | LETTER / CORRESPONDENCE TO JUDGE | Letter to Justice Kahn Requesting Memo Endorsement | 003 | ROBERT A ABRAMS |
| 185 | 05/23/2022 | ORDER TO SHOW CAUSE ( PROPOSED ) | Proposed Order to Show Cause | 004 | ROBERT A ABRAMS |
| 186 | 05/23/2022 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | Affidavit of Robert A. Abrams | 004 | ROBERT A ABRAMS |

| 187 | 05/23/2022 | EXHIBIT(S) | 202.8-g Statement of Material Facts | 004 | ROBERT A ABRAMS |
| 188 | 05/23/2022 | EXHIBIT(S) | Plaintiff's Letter to J. Kahn dated May 18, 2022 | 004 | ROBERT A ABRAMS |
| 189 | 05/23/2022 | EXHIBIT(S) | Defendants' Letter to J. Kahn dated May 18, 2022 | 004 | ROBERT A ABRAMS |
| 190 | 05/23/2022 | EXHIBIT(S) | Plaintiff's Letter to J. Kahn dated May 19, 2022 | 004 | ROBERT A ABRAMS |
| 191 | 05/23/2022 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | Affirmation of Emergency by Robert A. Abrams | 004 | ROBERT A ABRAMS |
| 192 | 05/26/2022 | ORDER TO SHOW CAUSE | --none-- | 004 | Tamika Wright court user |
| 193 | 06/06/2022 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of Service | 004 | ROBERT A ABRAMS |
| 194 | 06/07/2022 | MEMORANDUM OF LAW IN OPPOSITION | --none-- | 004 | JENNIFER PIERCE |
| 195 | 06/08/2022 | NOTICE OF REJECTION | Notice of Rejection of Defendants' Opposition | 004 | ROBERT A ABRAMS |
| 196 | 06/08/2022 | AFFIDAVIT OR AFFIRMATION IN REPLY | Reply Affirmation of Steven H. Newman | 003 | ROBERT A ABRAMS |
| 197 | 06/08/2022 | EXHIBIT(S) | Order to Show Cause dated May 25, 2022 and Supporting Application | 003 | ROBERT A ABRAMS |
| 198 | 06/08/2022 | MEMORANDUM OF LAW IN REPLY | Reply Memorandum of Law and in Further Support of Motion | 003 | ROBERT A ABRAMS |
| 199 | 06/24/2022 | DECISION + ORDER ON MOTION | --none-- | 004 | Tamika Wright court user |
| 200 | 06/15/2022 | STATEMENT OF MATERIAL FACTS | Plaintiff's Statement of Material Facts | 003 | ROBERT A ABRAMS |
| 201 | 06/18/2022 | ORDER TO SHOW CAUSE ( PROPOSED ) | --none-- | 005 | HAYLEY R. GREENBERG |
| 202 | 06/18/2022 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | --none-- | 005 | HAYLEY R. GREENBERG |
| 203 | 06/18/2022 | AFFIRMATION | Affirmation of Emergency | 005 | HAYLEY R. GREENBERG |
| 204 | 06/18/2022 | EXHIBIT(S) | Decision and Order Appointing a Receiver | 005 | HAYLEY R. GREENBERG |
| 205 | 06/18/2022 | EXHIBIT(S) | Notice of Entry of Order | 005 | HAYLEY R. GREENBERG |
| 206 | 06/18/2022 | EXHIBIT(S) | Order Denying Interim Stay | 005 | HAYLEY R. GREENBERG |
| 207 | 06/18/2022 | EXHIBIT(S) | Temporary Receiver Bond | 005 | HAYLEY R. GREENBERG |
| 208 | 06/18/2022 | EXHIBIT(S) | Oath of Receiver | 005 | HAYLEY R. GREENBERG |
| 209 | 06/18/2022 | EXHIBIT(S) | May 24th letter with enclosures | 005 | HAYLEY R. GREENBERG |
| 210 | 06/18/2022 | EXHIBIT(S) | May 27, 2022 email | 005 | HAYLEY R. GREENBERG |
| 211 | 06/18/2022 | EXHIBIT(S) | June 1, 2022 email | 005 | HAYLEY R. GREENBERG |
| 212 | 06/18/2022 | EXHIBIT(S) | June 6, 2022 email | 005 | HAYLEY R. GREENBERG |
| 213 | 06/18/2022 | EXHIBIT(S) | June 6, 2022 email | 005 | HAYLEY R. GREENBERG |
| 214 | 06/18/2022 | EXHIBIT(S) | June 9, 2022 email | 005 | HAYLEY R. GREENBERG |
| 215 | 06/18/2022 | EXHIBIT(S) | June 13, 2022 letter | 005 | HAYLEY R. GREENBERG |
| 216 | 06/24/2022 | ORDER TO SHOW CAUSE | --none-- | 005 | Tamika Wright court user |
| 217 | 06/24/2022 | NOTICE OF ENTRY | Notice of Entry of Decision + Order on Motion dated June 13, 2022 | 004 | ROBERT A ABRAMS |
| 218 | 06/24/2022 | AFFIRMATION | Joinder and Statement in Support by Plaintiff of Receiver's Contempt Application | 005 | ROBERT A ABRAMS |
| 219 | 06/24/2022 | EXHIBIT(S) | Centennial Demand for Rents (6.7.22) | 005 | ROBERT A ABRAMS |
| 220 | 06/24/2022 | EXHIBIT(S) | Receiver's Email to Defendants' Counsel (6.23.22) | 005 | ROBERT A ABRAMS |
| 221 | 06/24/2022 | EXHIBIT(S) | Invoice to Tenant (6.21.22) | 005 | ROBERT A ABRAMS |
| 222 | 06/24/2022 | EXHIBIT(S) | Receiver's Email to Defendants' Counsel (6.22.22) | 005 | ROBERT A ABRAMS |
| 223 | 06/24/2022 | EXHIBIT(S) | Tenant Paoletta Email (6.22.22) | 005 | ROBERT A ABRAMS |
| 224 | 06/24/2022 | EXHIBIT(S) | Tenant Fiore Email (6.20.22) | 005 | ROBERT A ABRAMS |
| 225 | 06/24/2022 | EXHIBIT(S) | Receiver's Email to Defendants' Counsel (6.21.22) | 005 | ROBERT A ABRAMS |
| 226 | 06/24/2022 | EXHIBIT(S) | Tenant Bernard Email - (6.20.22) | 005 | ROBERT A ABRAMS |

| 227 | 06/24/2022 | EXHIBIT(S) | Tenant Stahl Email (6.23.22) | 005 | ROBERT A ABRAMS |
| 228 | 06/24/2022 | EXHIBIT(S) | Tenant Stahl Email (6.23.22) | 005 | ROBERT A ABRAMS |
| 229 | 06/24/2022 | EXHIBIT(S) | Tenant Finsterbusch Email (6.21.22) | 005 | ROBERT A ABRAMS |
| 230 | 06/24/2022 | EXHIBIT(S) | Tenant Pillow Email (6.23.22) | 005 | ROBERT A ABRAMS |
| 231 | 06/24/2022 | EXHIBIT(S) | New York Times Article | 005 | ROBERT A ABRAMS |
| 232 | 06/24/2022 | EXHIBIT(S) | Attorney General Press Release | 005 | ROBERT A ABRAMS |
| 233 | 06/24/2022 | EXHIBIT(S) | The Real Deal Article | 005 | ROBERT A ABRAMS |
| 234 | 06/29/2022 | RESPONSE TO STATEMENT OF MATERIAL FACTS | --none-- | 003 | JENNIFER PIERCE |
| 235 | 07/12/2022 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Affidavit of Steven Croman | 005 | JENNIFER PIERCE |
| 236 | 07/12/2022 | EXHIBIT(S) | June 21-22, 2022 Email Chain | 005 | JENNIFER PIERCE |
| 237 | 07/12/2022 | EXHIBIT(S) | June 23-24, 2022 Email Chain | 005 | JENNIFER PIERCE |
| 238 | 07/12/2022 | MEMORANDUM OF LAW IN OPPOSITION | --none-- | 005 | JENNIFER PIERCE |
| 239 | 07/21/2022 | AFFIDAVIT OR AFFIRMATION IN REPLY | --none-- | 005 | HAYLEY R. GREENBERG |
| 240 | 07/21/2022 | EXHIBIT(S) | Receiver email 6/28/22 | 005 | HAYLEY R. GREENBERG |
| 241 | 07/21/2022 | EXHIBIT(S) | Appeal | 005 | HAYLEY R. GREENBERG |
| 242 | 07/21/2022 | EXHIBIT(S) | Receiver email 6/23/22 | 005 | HAYLEY R. GREENBERG |
| 243 | 07/21/2022 | EXHIBIT(S) | Borrower email 6/8/22 | 005 | HAYLEY R. GREENBERG |
| 244 | 07/21/2022 | EXHIBIT(S) | Borrower email 6/21/22 | 005 | HAYLEY R. GREENBERG |
| 245 | 07/21/2022 | EXHIBIT(S) | Chart | 005 | HAYLEY R. GREENBERG |
| 246 | 07/21/2022 | EXHIBIT(S) | Receiver email 6/30/22 | 005 | HAYLEY R. GREENBERG |
| 247 | 07/21/2022 | EXHIBIT(S) | Receiver email 7/7/22 | 005 | HAYLEY R. GREENBERG |
| 248 | 07/21/2022 | EXHIBIT(S) | Receiver email 7/11/22 | 005 | HAYLEY R. GREENBERG |
| 249 | 07/21/2022 | EXHIBIT(S) | Lease-Cotter | 005 | HAYLEY R. GREENBERG |
| 250 | 07/21/2022 | EXHIBIT(S) | Lease-Vardi | 005 | HAYLEY R. GREENBERG |
| 251 | 07/21/2022 | EXHIBIT(S) | Receiver email 7/11/22 | 005 | HAYLEY R. GREENBERG |
| 252 | 07/21/2022 | EXHIBIT(S) | Legal document-landlord/tenant court | 005 | HAYLEY R. GREENBERG |
| 253 | 07/21/2022 | EXHIBIT(S) | taxes | 005 | HAYLEY R. GREENBERG |
| 254 | 07/22/2022 | AFFIDAVIT OR AFFIRMATION IN REPLY | Plaintiff's Reply and Joinder of Receiver Motion for Contempt | 005 | ROBERT A ABRAMS |
| 255 | 07/22/2022 | EXHIBIT(S) | Borrower Letter with Check | 005 | ROBERT A ABRAMS |
| 256 | 07/22/2022 | EXHIBIT(S) | Receiver Email dated 6/23/22 | 005 | ROBERT A ABRAMS |
| 257 | 08/06/2022 | AFFIRMATION | Request for Secondary Appointment & Proposed Order | | HAYLEY R. GREENBERG |
| 258 PENDING | 08/18/2022 | LETTER / CORRESPONDENCE TO JUDGE | --none-- | | HAYLEY R. GREENBERG |
| 259 | 11/30/2022 | NOTICE OF BANKRUPTCY (POST RJI) | --none-- | | Joseph T Donovan |
| 260 | 01/11/2023 | ORDER - INTERIM (MOTION RELATED) | --none-- | 003 | Tamika Wright court user |
| 261 | 01/11/2023 | ORDER - INTERIM (MOTION RELATED) | --none-- | 005 | Tamika Wright court user |

Close

# EXHIBIT J

**25TH STREET MULTIFAMILY LLC**
100 Park Avenue, Suite 2805
New York, New York 10017

September 30, 2021

*__Via Federal Express Overnight__*

208-214 E. 25th St, LLC
c/o 9300 Realty
632 Broadway, 7th Floor
New York, New York 10012
Attn: Steven Croman

Steven Croman
238 East 67th Street
New York, New York 10021

208-214 E. 25th St, LLC
740 Broadway Ste 2nd Fl
New York, New York 10003

Steven Croman
12 E 72nd Street
New York, New York 10021

Re:   **Mortgage Loan to 208-214 E. 25th St, LLC from BankUnited, N.A. in the original principal amount of $25,000,000.00; and Rejection of Borrower Offer <u>Letters dated September 21, 2021, September 25, 2021 and September 30, 2021</u>**

Dear Mr. Croman:

Reference is made to that certain loan in the original principal amount of $25,000,000.00 ("**Loan**") made by BankUnited, N.A. ("**Original Lender**") to 208-214 E. 25th St, LLC ("**Borrower**") on March 30, 2016, which Loan is (i) evidenced by, among other things, that certain *Restated Mortgage Note*, dated March 30, 2016, in the original principal amount of $25,000,000.00 in favor of the Original Lender ("**Note**"), duly executed by Borrower and duly delivered by Borrower to the Original Lender; (ii) secured by, among other things, (a) that certain mortgage *Consolidation and Extension Agreement*, dated as of March 30, 2016, between Borrower and Original Lender ("**Mortgage**"), duly executed by Borrower, as mortgagor, and duly delivered by Borrower to the Original Lender, as mortgagee, encumbering that certain real property known as 208-214 East 25th Street, New York, New York (Section 3, Block 905, Lots 50, 51, 52, and 53) (the "**Property**"); and (b) that certain *Assignment of Rents*, dated as of March 30, 2016, duly executed by Borrower, as assignor, and delivered by Borrower to the Original Lender, as assignee, with respect to the Property (the "**Assignment of Rents**"); and (iii) guaranteed by Steven Croman ("**Guarantor**") pursuant to, among other things, that certain *Non-Recourse Guaranty*, dated as of March 30, 2016, duly executed by Guarantor in favor of Original Lender, and duly delivered by Guarantor to the Original Lender (the "**Guaranty**"). The Note, the Mortgage, the Assignment of Rents, the Guaranty, together with all other documents evidencing, securing, guaranteeing and/or executed in connection with the Loan, are collectively referred to herein as the "**Loan Documents**". Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Mortgage. As you are aware, the Loan Documents were assigned by Original Lender to 25th Street Multifamily LLC ("**Lender**") on August 12, 2021.

As you are aware, Borrower defaulted under the Loan Documents by, among other things, (i) failing to maintain a sufficient balance in its operating account for the Original Lender

1

Second, Lender hereby rejects Borrower's purported attempt to offer the Borrower Checks in satisfaction of the mortgage payments for July, August and September due under the Loan Documents. As set forth in the Notice of Acceleration, the entire Debt has become immediately due and payable and the outstanding principal amount of the Loan, plus all interest, all default interest, all late charges, all applicable fees, any prepayment premium, all costs of collection and other costs and expenses (including, without limitation, all attorneys' fees and expenses) incurred are due and owing. Thus, as you were advised in the Notice of Acceleration, to the extent that Lender deposits the Borrower Checks, the Borrower Checks will not be in satisfaction of all amounts due, will not be a waiver of or modification of any default or of any rights or remedies of Lender, and will be considered a partial payment on account of the full amount of the Debt that is now due and owing by Borrower.

Third, inasmuch as Lender refuses to accept the Borrower Checks in satisfaction of the mortgage payments for July, August and September due under the Loan Documents, Lender hereby returns to Borrower the Borrower Checks.

Nothing herein shall be deemed or constitute a waiver or release of any of the terms or provisions of the Loan Documents or of any defaults thereunder, or constitute a waiver, release or an estoppel of, by, or against any of Lender's rights or remedies under the Loan Documents, in law and/or in equity, all of which rights and remedies are specifically reserved.

Furthermore, no forbearance, delay or inaction of Lender in the declaration of any default or event of default or in exercising any of Lender's rights and remedies under the Loan Documents, at law or at equity or otherwise shall (a) constitute a modification or alteration of the terms, conditions or covenants of the Loan, all of which remain in full force and effect; (b) constitute a waiver, release or limitation of any of Lender's rights or remedies, all of which are expressly reserved; or (c) relieve or release Borrower or Guarantor in any way from any of their respective obligations or agreements under the Loan Documents.

Sincerely yours,

25th STREET MULTIFAMILY LLC

By: _____
Thomas Hooker, its Manager

Encl.

RECEIVED NYSCEF: 10/11/202

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 S | Mortgage # 1713000793 September | 49,029.97 |
| 208 | 8510-0000 | Mortgage # 1713000793 S | Mortgage # 1713000793 September | 64,733.31 |
| 208 | 5780-0000 | Mortgage # 1713000793 S | 5% late fee on Prin & Int | 5,688.17 |
|  |  |  |  | 119,451.45 |

---

**208-214 EAST 25TH STREET**
740 BROADWAY
2ND FLOOR
NEW YORK, NY 10003

BANKUNITED, N.A.
14817 OAK LANE
MIAMI LAKES, FLORIDA 33016

**CHECK NO.**
**314**

0260

**** ONE HUNDRED NINETEEN THOUSAND FOUR HUNDRED FIFTY ONE AND 45/100 DOLLARS

09/21/2021
DATE

$119,451.45*
AMOUNT

TO THE
ORDER OF

25th Street Multifamily LLC
100 Park Avenue
Suite 2805
New York, NY    10017

⑈000314⑈ ⑆0260 ⑆⑆ 705⑈

---

DATE:09/21/2021  CK#:314  TOTAL:$119,451.45*  BANK:NEW OPER(208-214b)
PAYEE:25th Street Multifamily LLC(v0002361)

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 S | Mortgage # 1713000793 September | 49,029.97 |
| 208 | 8510-0000 | Mortgage # 1713000793 S | Mortgage # 1713000793 September | 64,733.31 |
| 208 | 5780-0000 | Mortgage # 1713000793 S | 5% late fee on Prin & Int | 5,688.17 |
|  |  |  |  | 119,451.45 |

RECEIVED NYSCEF: 10/11/202

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 A | Mortgage # 1713000793 August | 49,029.97 |
| 208 | 8510-0000 | Mortgage # 1713000793 A | Mortgage # 1713000793 August | 64,733.31 |
| 208 | 5780-0000 | Mortgage # 1713000793 A | 5% late fee on Prin & Int | 5,688.17 |
| | | | | 119,451.45 |

**208-214 EAST 25TH STREET**
740 BROADWAY
2ND FLOOR
NEW YORK, NY 10003

BANKUNITED, N.A.
14817 OAK LANE
MIAMI LAKES, FLORIDA 33016

0260█

**CHECK NO.**

**313**

\*\*\*\* ONE HUNDRED NINETEEN THOUSAND FOUR HUNDRED FIFTY ONE AND 45/100 DOLLARS

09/21/2021    $119,451.45*
DATE         AMOUNT

TO THE
ORDER OF

25th Street Multifamily LLC
100 Park Avenue
Suite 2805
New York, NY    10017

⑈000313⑈ ⑈0260█          705⑈

DATE:09/21/2021   CK#:313   TOTAL:$119,451.45*   BANK:NEW OPER(208-214b)
PAYEE:25th Street Multifamily LLC (v0002361)

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 A | Mortgage # 1713000793 August | 49,029.97 |
| 208 | 8510-0000 | Mortgage # 1713000793 A | Mortgage # 1713000793 August | 64,733.31 |
| 208 | 5780-0000 | Mortgage # 1713000793 A | 5% late fee on Prin & Int | 5,688.17 |
| | | | | 119,451.45 |

208-214 EAST 25TH STREET
CHECK NO.

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 J | Mortgage # 1713000793 July remaining | 16,360.90 |
| 208 | 5780-0000 | Mortgage # 1713000793 J | Mortgage # 1713000793 July remaining | 818.05 |
| | | | | 17,178.95 |

---

**208-214 EAST 25TH STREET**
740 BROADWAY
2ND FLOOR
NEW YORK, NY 10003

BANKUNITED, N.A.
14817 OAK LANE
MIAMI LAKES, FLORIDA 33016

**CHECK NO.**

**312**

0260█

\*\*\*\* SEVENTEEN THOUSAND ONE HUNDRED SEVENTY EIGHT AND 95/100 DOLLARS

09/21/2021    $17,178.95\*\*
DATE           AMOUNT

TO THE
ORDER OF

25th Street Multifamily LLC
100 Park Avenue
Suite 2805
New York, NY    10017

⑆000312⑆ ⑆0260█ 705⑈

---

DATE:09/21/2021  CK#:312  TOTAL:$17,178.95\*\*  BANK:NEW OPER(208-214b)
PAYEE:25th Street Multifamily LLC(v0002361)

| Property | Account | Invoice - Date | Description | Amount |
|---|---|---|---|---|
| 208 | 2911-0000 | Mortgage # 1713000793 J | Mortgage # 1713000793 July remaining | 16,360.90 |
| 208 | 5780-0000 | Mortgage # 1713000793 J | Mortgage # 1713000793 July remaining | 818.05 |
| | | | | 17,178.95 |

# EXHIBIT K

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. FRANCIS KAHN, III**

*Justice*

PART    **32**

--------------------------------------------------------------X

25TH STREET MULTIFAMILY LLC,

Plaintiff,

- v -

208-214 E. 25TH ST, LLC, STEVEN CROMAN, CRIMINAL
COURT OF THE CITY OF NEW YORK, JOHN DOE 1
THROUGH JOHN DOE 100,

Defendant.

--------------------------------------------------------------X

INDEX NO.    850189/2021

MOTION DATE    _____

MOTION SEQ. NO.    001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27,
28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 41, 42, 43, 44

were read on this motion to/for    _____DISMISSAL_____.

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a consolidated and restated mortgage encumbering multiple
parcels of improved real property located at 208-214 East 250th Street, New York, New York. The
mortgage secures a restated note that memorializes a loan of $25,000,000.00 made by the assignor of
Plaintiff 25th Street Multifamily LLC ("Multifamily") to Defendant 208-214 E. 25th LLC
("Mortgagor"). Concomitantly with the note, Defendant Steven Croman ("Croman") executed a
personal guaranty of the loan.

Now, Defendants move, pre-answer, to dismiss the complaint pursuant to CPLR §3211[a][7] and
for an order "directing Plaintiff to accept Borrower's cure payments and reinstate its loan". Plaintiff
opposes the motion.

When evaluating a motion pursuant to CPLR §3211[a][7], the allegations contained in the
complaint and the evidence in support thereof must be presumed to be true, liberally construed and the
plaintiff must be accorded every possible favorable inference (*see eg Chanko v American Broadcasting
Cos. Inc.*, 27 NY3d 46 [2016]) and most often "the sole criterion is whether the pleading states a cause
of action, and if from its four corners factual allegations are discerned which taken together manifest any
cause of action cognizable at law" (*see eg Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Contrary to Plaintiff's assertion, a court may consider a wide spectrum of evidence, including
affidavits, in support of a motion under CPLR §3211[a][7] (*see* Higgitt, CPLR 3211[a][1] and [7]
Dismissal Motions—Pitfalls and Pointers, 83 New York State Bar Journal 32, 34-35 [2011]).
Irrespective of any pronouncements from the Appellate Division, First Department seemingly divergent,
the Court of Appeals has stated as follows:

Under CPLR 3211 a trial court may use affidavits in its consideration of a pleading
motion to dismiss. CPLR 3211 (subd [c]), by providing that "either party may submit any

evidence that could properly be considered on a motion for summary judgment", leaves this question free from doubt.

*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976][internal citations omitted].

Indeed, the Appellate Division, First Department recognizes this principle and has stated as follows:

A CPLR 3211 (a) (7) motion may be used by a defendant to test the facial sufficiency of a pleading in two different ways. On the one hand, the motion may be used to dispose of an action in which the plaintiff has not stated a claim cognizable at law. On the other hand, the motion may be used to dispose of an action in which the plaintiff identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action. *As to the latter, the Court of Appeals has made clear that a defendant can submit evidence in support of the motion attacking a well-pleaded cognizable claim.*

*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 134 [1st Dept 2014][emphasis added].

The principles enunciated in *Rovello* and *Guggenheimer* continue to be adhered to by the Court of Appeals and all the departments of the Appellate Division (*see* John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B CPLR C3211:23; *see also Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342 [2013]; *Doe v Intercontinental Hotels Group, PLC*, 193 AD3d 410 [1st Dept 2021]; *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, supra). Nevertheless, the Court of Appeals has recognized that "[a]ffidavits submitted by a respondent will almost never warrant dismissal under CPLR 3211 unless they 'establish conclusively that [petitioner] has no [claim or] cause of action'" (*Lawrence v Miller*, 11 NY3d 588, 595 [2008], *quoting Rovello v Orofino Realty Co.*, supra). When in that uncommon circumstance the evidence reaches this threshold, the court "must determine whether the proponent of the pleading has a cause of action, not whether she has stated one" (*Kantrowitz & Goldhamer, P.C. v Geller*, 265 AD2d 529 [2d Dept 1999]).

In the present case, Defendants offer a single argument in support of their motion, that Plaintiff's "attempt to accelerate the Loan and foreclose upon it the day after the August payment was missed is unconscionable given the *de minimis* nature of the default compared with the severity of the consequence, especially considering Borrower's efforts to cure in full and the lack of prejudice to Plaintiff." Plaintiff's assertion that the principle of unconscionability may not be the subject of a motion to dismiss for failure to state a claim is misplaced (*see Lawrence v Miller*, supra at 595 ["Whether the revised retainer agreement is unenforceable because it was unconscionable when entered into, or became so in retrospect, is the issue before us on appellants' motions to dismiss the firm's petition to compel payment of legal fees."]).

Here, Defendants are not asserting that the note and mortgage are unconscionable. Rather, Defendants posit, via an affidavit from Croman with annexed documents, that Plaintiff's acceleration of the note based upon their inadvertent failure, allegedly caused by the COVID-19 pandemic, to maintain sufficient funds in their operating bank account to cover automatic debits for monthly payments due under the note was unconscionable. Defendants admit default in payment, but insist they promptly attempted to tender the missed payments, plus late fees, which was rebuffed by Plaintiff.

"Equity may intervene to prevent a substantial forfeiture occasioned by a trivial or technical breach, or where the default consists of a good faith mistake, promptly cured by the defaulting party, and where there is no prejudice to the creditor. (*L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith*, 188 AD3d 1180 [2d Dept 2020][internal citations omitted]). However, the Court of Appeals has "cautioned generally against interfering with parties' agreements" (*JMD Holding Corp. v. Cong. Fin. Corp.*, 4 NY3d 373, 380 [2005]) and, therefore, "equity will only intervene to prevent a foreclosure in "'rare cases'" involving some element of "'fraud, exploitive overreaching or unconscionable conduct'" by the mortgagee" (*L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith*, supra). Even if strict application of the contractual results in an objectively "harsh" outcome, the "negotiated term of the agreement . . . must be enforced" (*1029 Sixth, LLC v. Riniv Corp.*, 9 AD3d 142, 149 [1st Dept 2004]). In the end, the determination of this issue is based on the particular facts of each case (*see eg Tunnell Pub. Co. v Straus Communications, Inc.*, 169 AD3d 1031, 1032 [3d Dept 1991]).

Here, the evidence submitted by Defendants does not meet the exacting procedural requirements under CPLR §3211[a][7] or for the application of equitable principles at this point as a matter of law. This is a commercial loan transaction that was entered into by sophisticated business entities and Defendants admit their default in repayment. In opposition to the motion, Plaintiff submitted the affidavit of Thomas Hooker ("Hooker"), a Manager of Multifamily, who averred that Defendants defaulted on two consecutive monthly payments and did not replenish its account with the requisite funds until 53 days after their initial default. Hooker also claims Defendants' offer to reinstate came 73 days after the default and disputes that the offer covered all outstanding expenses. Based on the proffered affidavits, Defendants have failed to conclusively establish, for pleading purposes, that Plaintiff's actions were incontrovertibly unconscionable (*cf. Chiampou Travis Besaw & Kershner v Pullano*, 194 AD3d 1480 [4th Dept 2021]; *Natixis, N.Y. Branch v. 20 TSQ Lessee LLC*, 71 Misc. 3d 1201[A][Sup Ct NY Cty 2021]).

The branch of Defendants' motion for an order "directing Plaintiff to accept Borrower's cure payments and reinstate its loan" is denied as Movants failed to proffer any legal argument in support of this requested relief. In any event, the Court has no authority to compel Plaintiff to accept Plaintiff's tender. Accordingly, it is

ORDERED that Defendants' motion is denied in its entirety, and it is

ORDERED that this matter is set down for a virtual conference pursuant to Administrative Order 157/20 on **February 17, 2022 @ 12:00 pm via** Microsoft Teams. Part Clerk Tamika Wright (tswright@nycourts.gov) will forward the appearing parties an invitation to the conference via email.

| | | | | |
|---|---|---|---|---|
| **12/23/2021** | | | | |
| **DATE** | | | FRANCIS A. KAHN, III, A.J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

# EXHIBIT L



6/29/22

Centennial Properties "Sponsor"
740 Broadway, New York NY 10013

## TERM SHEET

This term sheet (the "Term Sheet") indicates the possible terms of a loan (the "Loan") to Borrower (defined below) in connection with the Property (defined below) to be made by an affiliate of Northwind Group ("Lender" or "Northwind") subject to (i) completion of due diligence and underwriting on the transaction to Lender's satisfaction, in its sole discretion, including, but not limited to, satisfactory Collateral (defined below) evaluation, credit references, title review and title insurance policy, property insurance, and environmental assessment and (ii) satisfaction of all the terms set forth herein and in the definitive Loan documentation evidencing any such loan (the "Loan Documents"). This is not a contract or a binding obligation on the part of Lender and is subject to Lender's final approval, as determined by Lender in its sole discretion in accordance with its current credit policy and credit approval process following completion of Lender's due diligence, and execution and delivery to Lender of the Loan Documents. Under no circumstance should this Term Sheet be regarded as a commitment to provide any such Loan, either express or implied. Except as expressly provided herein, no agreement contained herein shall come into existence, none of the terms below shall be binding, and no agreement (whether written, oral or otherwise) that may be reached during negotiations with respect to the Loan, nor any course of dealing between the parties, shall constitute a commitment by Lender to lend or otherwise be binding upon the parties until the execution, delivery and acceptance by all parties of a binding commitment letter and/or final, definitive Loan Documents in form and substance satisfactory to Lender and its legal counsel (in which case such agreements shall be binding only to the extent set forth therein and in the case of final Loan Documents only to the extent the Loan actually closes). It is understood that no party to this Term Sheet shall be liable to the other for damages or expenses for failure to close on any such Loan, except as expressly provided herein. This Term Sheet is only a brief description of the principal terms of a possible loan intended for discussion purposes only, and the terms set forth herein are not all-inclusive and are subject to change. Notwithstanding the foregoing, the following sections of this Term Sheet shall be binding on Sponsor, Borrower and Guarantor (as defined below), jointly and severally: "Loan Costs"; "Deposit"; "Exclusivity"; "Brokers", Break Up Fee"; and "Confidentiality".

| | |
|---|---|
| **Borrower:** | The Mortgage Borrower ("Borrower") is a TBD limited liability company. Borrower is and shall be a single member bankruptcy remote entity whose sole asset is the Property and which is owned and controlled directly or indirectly by Guarantor. Borrower's structure and organizational documents must be satisfactory to Lender in all respects and shall include Article 8 opt-in language. |
| **Lender:** | Northwind Group, together with its successors, assigns and transferees. |
| **Guarantor:** | TBD, together with such other individuals or entities as Lender may determine to be necessary as a result of its due diligence review and underwriting. |
| **Property:** | Fee simple interest in and to the land and improvements located at 208-214 East 25th Street, New York, NY 10010, comprised of 85 multifamily rental units (74 Free Market units, 7 Rent Stabilized units, and 4 Rent Controlled units) totaling 40,350 GSF. |
| **Loan Amount:** | Up to $25,750,000 ($637/GSF) subject to the below terms. |
| **Interest Rate:** | One-month Term SOFR plus 7.50% with a floor rate of 8.50%, calculated on an actual/360-day basis. |
| **Loan Term:** | Eighteen (18) Months. |
| **Amortization and Payments:** | The Loan will be interest only for the entire term of the Loan. Interest is payable on the first day of each month in arrears. All outstanding principal, interest and fees are payable at maturity. Borrower permits Lender's servicer to draw from any given Reserve in advance in order for payment to be received by Lender or other recipient by the respective due date due to processing time. |



| Extension Options: | Two (2) 6-month extension options. The first extension option shall be subject to, among other things, (i) compliance with all representations and covenants set forth more specifically in the loan documents, (ii) no event of default, (iii) a loan-to-value ratio of no more than 70% of the remaining collateral, (iv) receipt by Lender of the Extension Fee, (v) replenishment of all reserves for the extension period, (vi) a net cash flow Debt Yield no less than 7.15% and (vii) such other requirements as are the standard for Lender or as Lender may determine to be necessary as a result of its due diligence review and underwriting. The second extension option shall be subject to (i) compliance with all representations and covenants set forth more specifically in the loan documents, (ii) no event of default, (iii) a loan-to-value ratio of no more than 70% of the remaining collateral, (iv) receipt by Lender of the Extension Fee, (v) replenishment of all reserves for the extension period, (vi) a net cash flow Debt Yield no less than 7.15% and (vii) such other requirements as are the standard for Lender or as Lender may determine to be necessary as a result of its due diligence review and underwriting. |
|---|---|
| Use of Proceeds: | Refinance the Property, fund Reserves, and pay loan fees and closing costs. |
| Origination Fee: | 1.00% of the Loan Amount, paid and earned at closing of the Loan. |
| Exit Fee: | 0.50% of the repaid Loan Amount, payable on maturity or any earlier payment of the Loan Amount, in whole or in part. |
| Extension Fee: | 0.50% of the outstanding Loan Amount, to be paid upon Borrower's election of each Extension Option. |
| Yield Maintenance: | An amount equal to 9 months of interest on the Loan Amount. |
| Voluntary Prepayments: | The Loan may be repaid at any time. All prepayments of the Loan shall be accompanied by any applicable Yield Maintenance and Exit Fee. |
| Recourse and Other Guaranty Requirements: | The Loan will be non-recourse and shall be subject to standard recourse carveouts, including, without limitation, taxes, insurance, fraud, misrepresentation, misappropriation, bankruptcy, transfer taxes and others to be provided in the Loan Documents. At closing, Guarantor shall provide an interest and carry guaranty. In the event of a tender or foreclosure, Guarantor will commit to a 6-month tail on the interest and carry guaranty, and all costs for the tender including any transfer tax to be covered by Borrower (to be further outlined in the loan documents). |
| Guarantor Covenants: | Guarantor net worth and liquidity requirements to be $25,750,000 and $3,000,000 respectively exclusive of the Property. |
| Environmental Indemnity: | Borrower and Guarantor, jointly and severally, shall provide a standard commercial Environmental Indemnity Agreement in form and substance acceptable to Lender in its commercially reasonable discretion. |
| Collateral: | Lender will require security documents typical for similar transactions, including, without limitation:<br>(a) a first priority mortgage on the Property and all improvements, amenities and appurtenances thereto;<br>(b) a collateral assignment of all rents and leases, personal property (inclusive of any and all FF&E), letters of credit and all design, development, service, management, leasing, approved plans and specifications, and construction contracts associated with the Property;<br>(c) a collateral assignment of all incentives, grants, tax credits, reimbursements and proceeds arising from the acquisition or development of the Property;<br>(d) a collateral assignment of all bank accounts and deposits associated with the Property and an account control agreement with the related depository; and<br>(e) a subordination and assignment of all affiliate management and development fees relating to the Property which Lender shall have the right to terminate after an event of default; and<br>(f) a UCC pledge of 100% of the equity interests of Borrower (standstill for 120 days prior to enforcing remedies under UCC); and all reserves held by Lender. |



| | |
|---|---|
| **Approval Rights** | Lender's consent shall be required for all material business decisions and budgets. |
| **Title:** | Borrower shall obtain at its sole cost and expense a Mortgagee Policy from Royal Abstract and, if applicable, a UCC Plus Policy from Royal Abstract. |
| **Max LTV:** | 75% based on the As-Is Appraised Value of the Property, and 70% based on the As-Stabilized Appraised Value of the Property. |
| **As-Is NCF DY:** | Lender's As-Is debt yield shall be no less than 6.75%. |
| **As-Is GRM:** | At close, the GRM (the Loan Amount over Annualized Gross Rents) shall not exceed 8.20x. |
| **Cash Management:** | Multifamily style lockbox with in-place cash management. |
| **Cash Flow Sweep:** | All excess cash flow after the payment of debt service, all applicable reserves and approved operating expenses will be held by Lender as additional collateral for the Loan. |
| **Reserves:** | At closing, Lender will fund from the Loan Amount into Reserve accounts an amount sufficient to cover all interest, taxes, insurance, servicing fees, Property maintenance and operating expenses (the "Operating Shortfall Reserve") for a 12-month period. Additional initial and/or ongoing Reserves may be required for such other purposes as Lender may determine to be necessary as a result of its due diligence review and underwriting.<br><br>At any point during the term of the Loan, if the interest, taxes, insurance, servicing fees, Property maintenance and operating expenses Reserves hold less than four (4) months of the respective Reserve, Borrower will be required to replenish the respective Reserve to fulfill payments through maturity. Prior to exercising each extension option, Borrower must replenish the Reserves to cover payments through maturity of the Loan. Guarantor(s) will be fully recourse for Borrower's obligation to replenish the Operating Shortfall Reserve and other Reserves on terms to be set forth in the Loan Documents. |
| **Leases / Licenses:** | No units may be leased or licensed during the Loan Term without Lender's consent in its absolute discretion (leasing parameters to be outlined further in the loan agreement). All leases and licenses shall be subordinate to the Loan pursuant to their terms. |
| **Subordinate Financing:** | No direct or indirect financing, secured or unsecured, shall be permitted with respect to Borrower or the Property, including any preferred equity, without Lender's consent in its absolute discretion. |
| **Insurance:** | Borrower shall provide Lender with evidence of current insurance coverage in compliance with the Loan Documents which include endorsements adding Lender as a loss payee and additional insured. All insurance coverage to be approved by Lender. |
| **Reporting:** | Standard and customary reporting requirements for a Loan of this type, including, without limitation, financial statements, Guarantor financial statements, and such other items as Lender shall request. |
| **Events of Default:** | Standard and customary for Loans of this type, including, without limitation, payment, bankruptcy, etc. and violation of mandatory prepayments. |
| **Loan Servicing:** | Borrower shall pay a loan servicing fee of $1,500 per month. Any selection of third-party Servicer shall be in Lender's sole discretion. |
| **Bank Accounts:** | Bank accounts for reserves, operating accounts, and security deposits shall be established at Signature Bank. |



| | |
|---|---|
| **Assignments and Bifurcation:** | Lender shall have the right prior to closing or during the term of the Loan to assign, participate, or syndicate the Loan without the consent of Borrower. In addition, Lender, in its sole discretion, at Closing or during the term of the Loan, shall have the right to bifurcate each loan into two or more loans and/or mezzanine loans, in amounts as determined by Lender, and Borrower shall cooperate, at its own expense, with any reasonable requests of Lender in connection therewith. Any bifurcation into a mezzanine loan shall require an intercreditor agreement acceptable to Lender which may not be provided to Borrower. |
| **Brokers:** | Borrower represents that Meridian Capital Group ("Broker") is the sole broker engaged in connection with the Loan and agrees to (i) pay all fees and commissions of Broker, and (ii) indemnify and defend Lender against all costs and expenses incurred by Lender in connection therewith or in connection with any other party claiming a fee, commission or other compensation by or through Borrower or Broker related to the Loan. |
| **Closing Conditions:** | Usual and customary for Loans of this type, including, without limitation, the following:<br>(a) Standard secretary's certificates, evidence of authority and legal opinions as Lender may request;<br>(b) Delivery of a FIRREA appraisal, a Phase I environmental report, and other third party reports as determined by Lender;<br>(c) Delivery of zoning confirmation letters or zoning reports or opinions and evidence of insurance as Lender may request;<br>(d) Receipt of a policy of mortgagee title insurance and an updated certified survey;<br>(e) Review of all leases (and supporting addendums) and historical income and expenses;<br>(f) No material adverse change in market conditions; and<br>(g) Subject to review of Guarantor. |
| **Loan Costs:** | Borrower shall pay all of Lender's costs and expenses incurred in connection with the Loan including, but not limited to, appraisal reports, environmental due diligence, site inspections, title, travel expenses, legal fees, insurance, Lender's insurance consultant, documentation, public record searches, escrow, credit reports, and all other customary closing costs (" losing osts"). Borrower and Guarantor shall be jointly and severally liable for all Closing Costs whether or not the Loan closes. Borrower and Guarantor hereby authorize any appraisal firm, environmental firm, insurance consultant or such other third-party providers as may be retained by Lender in connection with the Loan to conduct inspections and perform other due diligence on the Property and with respect to Borrower, Guarantor and their equity owners as Lender may request. |
| **Deposit:** | Upon execution of this Term Sheet, Borrower shall wire to Lender $100,000 to be used as follows:<br>(a) payment of a non-refundable underwriting fee of Lender in the amount of $15,000 (the "Underwriting Fee"), which shall be payable and fully earned upon execution of this Term Sheet; and<br>(b) the remainder (the "Net eposit") to be used to pay Lender's Closing Costs, provided that Lender makes no representation that the Net Deposit shall be sufficient for payment of all amounts due hereunder and Borrower and Guarantor shall be jointly and severally liable with respect to all Closing Costs (and Lender reserves the right to require additional amounts in connection therewith). Any unused Net Deposit shall be credited to Borrower at closing, provided that 100% of the Net Deposit will be non-refundable and paid to Lender as agreed-to liquidated damages in the event Borrower or Guarantor breaches the "Exclusivity" or " onfidentiality" provisions of this Term Sheet or for any other reason Borrower does not close the Loan with Lender due to no fault of Lender. |
| **Exclusivity:** | Upon Borrower's execution of this Term Sheet, Borrower and Guarantor agree that they are subject to a "No Shop eriod" during which Borrower and Guarantor shall not (and shall not permit any of their sponsors, principals, affiliates, partners, members, representatives, advisors, employees, brokers or agents to) directly or indirectly negotiate, entertain, pursue, accept or obtain, nor permit anyone its behalf to directly or indirectly negotiate, entertain, pursue, accept or obtain, any offers to finance or refinance the Property through debt or through equity (other than the Loan from Lender), and Borrower shall deal exclusively with Lender during the No Shop Period with respect to any financing or financing of the Property. The No Shop Period will terminate 30 days after the execution of this Term Sheet. |



| | |
|---|---|
| **Break-Up Fee:** | In the event that i) Borrower fails to close the applicable Loan with Lender and sources capital through any other source (including through another lender or through equity, including but not limited to Maverick Real Estate Partners), for any reason aside from Lender not proceeding with a Loan on terms outlined herein, or ii) Borrower, Guarantor or any party described in the "Exclusivity" provision above is in breach of the "Exclusivity" provision above, Lender shall be entitled to a fee of 1.00% of the Loan Amount (the "Break-Up Fee"). Borrower and each Guarantor shall each be jointly and severally responsible for payment of the Break-Up Fee and shall be jointly and severally responsible for any costs incurred by the Lender in the enforcement of this provision, and Lender shall have no duty to pursue repayment of the Break-Up Fee from Borrower in order to enforce this obligation against any Guarantor. The Break-Up Fee shall be earned upon execution of this Term Sheet and shall be binding upon Borrower and each Guarantor as of the date hereof. The Break-Up Fee and exclusivity to be waived in the event Lender is not prepared to close on the material terms of the Term Sheet. |
| **Governing Law; Jurisdiction:** | This Term Sheet shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to principles of conflicts of laws. Any action, suit, proceeding or litigation arising out of or relating in any way to this Term Sheet shall commence and be maintained exclusively in the state or federal courts of the State of New York. Sponsor, Borrower and Guarantor will be responsible for Lender's legal fees in the event Sponsor, Borrower or Guarantor is unsuccessful in any action, suit, proceeding or litigation brought against Lender. Each party hereto hereby waives its right to a trial by jury in any action, suit, proceeding or litigation arising out of or relating in any way to this Term Sheet. |
| **Confidentiality:** | This Term Sheet is delivered to Borrower and Guarantor on the condition that it remains confidential and that Borrower and Guarantor shall not show, disclose, or discuss this Term Sheet with any third party (including any financial institution or other lender) without the express written consent of Lender. Borrower may, however, discuss this proposal with its equity partners, attorneys and accountants to the extent necessary in connection with consideration of this Term Sheet, the Loan or the Loan Documents as long as any such parties have been made aware of the confidential nature of this Term Sheet and agree to keep the information confidential as well. |



**Acceptance:**

We are pleased to have the opportunity to work with you in connection with this financing. If the terms and conditions set forth above are acceptable kindly indicate your acceptance of this Term Sheet by fully executing this Term Sheet below and wiring the Deposit by no later than June 29, 2022 after which date this Term Sheet shall be deemed to be null and void and of no further force and effect.

_____

Ran Eliasaf

Managing Partner

Northwind Group
489 Fifth Avenue, 28th Floor
New York, NY 10017

The undersigned Borrower and Guarantor, jointly and severally, hereby apply for approval under the terms indicated above, and acknowledge that this proposal does not constitute a commitment to lend by Lender. By execution below, Borrower and Guarantor hereby represent and warrant that they each have full authority to execute and deliver this Term Sheet which shall be the binding and enforceable agreement of each of them.

BORROWER:

By:    _____
          Name:
          Title:
          Date:

GUARANTOR:

By:    _____
          Name:
          Title:
          Date:



# Exhibit A

| Sources & Uses | | | | |
|---|---|---|---|---|
| **Sources** | **Gross $** | **$/Unit** | **$/GSF** | **%** |
| r      d | | | | |
|       r | | | | |
| **Total Sources** | $26,542,648 | $312,266 | $657 | 100% |
| **Uses** | **Gross $** | **$/Unit** | **$/GSF** | **%** |
| | | | | |
| r        r        r | | | | |
| **Total Uses** | $26,542,648 | $312,266 | $657 | 100% |

# EXHIBIT M

**25TH STREET MULTIFAMILY LLC**
100 Park Avenue, Suite 2805
New York, New York 10017

August 11, 2022

***Via Email (stevencroman@aol.com)***

208-214 E. 25th St, LLC
c/o 9300 Realty
632 Broadway, 7th Floor
New York, New York 10012
Attn: Steven Croman

Steven Croman
238 East 67th Street
New York, New York 10021

208-214 E. 25th St, LLC
740 Broadway Ste 2nd Fl
New York, New York 10003

Steven Croman
12 E 72nd Street
New York, New York 10021

Dear Sir/Madam:

Reference is made to that certain loan in the original principal amount of $25,000,000.00 ("**Loan**") made by BankUnited, N.A. ("**Original Lender**") to 208-214 E. 25th St, LLC ("**Borrower**") on March 30, 2016, which Loan is (i) evidenced by, among other things, that certain *Restated Mortgage Note*, dated March 30, 2016, in the original principal amount of $25,000,000.00 in favor of the Original Lender ("**Note**"), duly executed by Borrower and duly delivered by Borrower to the Original Lender; (ii) secured by, among other things, (a) that certain *Consolidation and Extension Agreement*, dated as of March 30, 2016, between Borrower and Original Lender ("**Mortgage**"), duly executed by Borrower, as mortgagor, and duly delivered by Borrower to the Original Lender, as mortgagee, encumbering that certain real property known as 208-214 East 25th Street, New York, New York (Block 905, Lots 50-53) (the "**Property**"); and (b) that certain *Assignment of Rents*, dated as of March 30, 2016, duly executed by Borrower, as assignor, and delivered by Borrower to the Original Lender, as assignee, with respect to the Property (the "**Assignment of Rents**"); and (iii) guaranteed by Steven Croman ("**Guarantor**") pursuant to, among other things, that certain *Non-Recourse Guaranty*, dated as of March 30, 2016, duly executed by Guarantor in favor of Original Lender, and duly delivered by Guarantor to the Original Lender (the "**Guaranty**"). Reference is further made to that certain *Assignment of Mortgage* dated as of August 12, 2021 (the "**Assignment**"), by which all of Original Lender's right, title and interest in and to the Loan was assigned to Lender. The Note, the Mortgage, the Assignment of Rents, the Guaranty, the Assignment, and all other documents evidencing, securing, guaranteeing, assigning and/or executed in connection with the Loan, are collectively referred to herein as the "**Loan Documents**". Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Loan Documents.

Lender hereby directs the Borrower's attention to the below, as and for the estimated amounts necessary to pay off the Loan by August 15, 2022 by 3:00 p.m. EST (the "Effective Date"), which should be transmitted **using the wire instructions annexed hereto.**

| ESTIMATED PAYOFF | |
|---|---:|
| Principal Balance | $22,751,005.71 |
| Interest | $5,647,732.14 |
| Less Escrow | -$58,228.94 |
| Late Charges | $38,240.96 |
| Protective Advances | $311,631.49 |
| Legal Fees | $364,365.82 |
| Exit Fee | $455,020.11 |
| **Total Due** | **$29,509,767.30** |

| | |
|---|---:|
| Per Diem | $15,576.10 |

The estimated amount necessary to pay off is effective until August 15, 2022 by 3:00 p.m. EST. If settlement has not taken place by the Effective Date, please send a new request to this office.

**Please be further advised that additional legal fees and/or costs have been, and continue to be, incurred by the Lender in enforcing its rights and remedies under the Loan Documents, including, but not limited to such amounts necessary to pay attorney's fees and costs, protective advances, and the receiver's fees and costs, and such fees and/or costs which have been, and continue to be, incurred in connection with the pending foreclosure action (the "Obligations"), all of which will be added to the estimated total payoff figure set forth hereinabove.  Accordingly, you are hereby directed to request an updated payoff figure from the undersigned upon no less than seventy-two hours written notice to ensure that all amounts due under the Loan are paid in full at the time payment is made.**

The aforesaid sums are subject to change pending the Lender's payment of such items, which may include, but are not limited to, protective advances or incurred legal fees. Please be further advised that the Lender reserves the right to make adjustments to the above amounts in the event that a mathematical, typographical, or clerical error has occurred. This letter shall not be binding until verified with Lender.

Nothing herein shall be deemed or constitute a waiver or release of any of the terms or provisions of the Loan Documents or of Borrower's defaults thereunder, or constitute a waiver, release or an estoppel of by or against any of Lender's rights or remedies under the Loan Documents, at law and/or in equity, including, without limitation, with respect to any action to foreclose pursuant to the Loan Documents, all of which rights and remedies are specifically reserved.

Furthermore, the Lender expressly reserves all of its rights, powers, privileges and remedies under the Loan Documents and/or applicable law, including, without limitation, its right at any time, as applicable, (i) to commence any legal or other action to collect any or all of the Obligations from Borrower, the Guarantor, and any other person(s) liable therefore and/or any collateral securing the obligations under the Loans, including without limitation appropriate

2

interest as set forth in the Loan Documents, (ii) to foreclose or otherwise realize on any or all of the Property and/or as appropriate, set-off or apply amounts received to the indebtedness due under the Loan, (iii) to take any other enforcement action or otherwise exercise any or all rights and remedies provided for by any or all of the Loan Documents or applicable law, and (iv) to reject any forbearance, financial restructuring or other proposal made by or on behalf of Borrower the Guarantor or any creditor or equity holder. Lender may exercise its rights, powers, privileges and remedies, including those set forth in clauses (i) through (iv) above at any time in its sole and absolute discretion without further notice. No oral representations or course of dealing on the part of Lender or any of its officers, employees or agents, and no failure or delay by Lender with respect to the exercise of any right, power, privilege or remedy under any of the Loan Documents or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy. Except as specified herein, this demand does not attempt to summarize all (x) existing misrepresentations, breaches, defaults and Events of Default existing under the Loan Documents and (y) rights and remedies of Lender under the Loan Documents. Accordingly, this letter is not, and shall not be deemed to be, a waiver of, or a consent to, any misrepresentation, breach, default or Event of Default now existing or hereafter arising under the Loan Documents.

Please contact the Lender to make arrangements for the payment of the indebtedness by calling (347) 539-4705.

Be guided accordingly.

Yours truly,

**25TH STREET MULTIFAMILY LLC**

By: *Thomas Hooker*
Thomas Hooker, *its Manager*

**M6 Servicing LLC**

Wire Instructions

| | |
|---|---|
| ABA Routing Number | ████0399 |
| Bank Name | Silicon Valley Bank |
| | 3003 Tasman Drive |
| | Santa Clara, CA 95054 |

| | |
|---|---|
| Beneficiary Account Number | ████6857 |
| Beneficiary Name | **M6 Servicing LLC** |
| Beneficiary Address | 100 Park Ave |
| | Suite 2805 |
| | New York, NY 10017 |

| | |
|---|---|
| Confirmation | Please call Eric Silver (646-485-7313) to confirm. |

# EXHIBIT N

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM                INDEX NO. 850189/2021

NYSCEF DOC. NO. 235                                              RECEIVED NYSCEF: 07/12/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

25TH STREET MULTIFAMILY LLC,                          Index No.: 850189/2021

                              *Plaintiff,*            **AFFIDAVIT IN OPPOSITION**

           -against-

208-214 E. 25TH ST, LLC, STEVEN CROMAN,
CRIMINAL COURT OF THE CITY OF NEW YORK, and
"JOHN DOE #1 through JOHN DOE #100", the last one
hundred names being fictitious and unknown to Plaintiff,
the persons or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming an
interest upon the premises described in the Complaint,

                              *Defendants.*
----------------------------------------------------------------------X

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK      )

        Steven Croman, being duly sworn, deposes and states:

        1.      I am a Defendant in the above-captioned action and a principal of Defendant 208-

214 E. 25th St, LLC ("Borrower," and collectively with myself, "Defendants"). As such, I am fully

familiar with the facts and circumstances herein.

        2.      I submit this affidavit in opposition to the Receiver's motion, by order to show

cause, seeking to impose civil contempt sanctions on Defendants (the "Contempt Motion").

**A.      The Note**

        3.      In this foreclosure action, Plaintiff seeks to foreclose upon a certain Restated

Mortgage Note (the "Note") to secure a debt in the amount of $25,000,000, and obtain a windfall

24% default interest on a Note that was, but for two months as result of Covid-19, timely paid

every month in full since 2016. *See* Dkt. 1 ("Compl."), ¶¶ 28, 36.

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM          INDEX NO. 850189/2021

NYSCEF DOC. NO. 235                                      RECEIVED NYSCEF: 07/12/2022

4.      Borrower also entered into a Consolidation and Extension Agreement (the "Mortgage"), which consolidated ten separate mortgages held by Plaintiff's predecessor-in-interest, BankUnited, N.A. ("Lender"), and collateralized the Note with the property located at 208-214 East 25th Street, New York, NY (Block 905; Lots 53, 52, 51 and 50) (the "Property"). *Id.* ¶ 11.

5.      The Note required payments of interest only at 3.4% per annum through April 10, 2017, and thereafter monthly payments based upon a 29-year payout due on the 10th day of each month. *Id.* ¶ 22.

6.      Pursuant to the Note, Lender was to withdraw the monthly payments from Borrower's account every month on the tenth of the month, defined therein as the "Debit Date." *Id.*

**B.      Plaintiff's Attempt to Foreclose on a
*De Minimis* Default that Borrower Attempted to Cure**

7.      As detailed in Defendants' motion to dismiss (Mot. Seq. 001), Borrower tendered payment in full on the Note and Mortgage every single month since 2016 until an incident in the summer of 2021 occasioned solely by COVID-19. *See* Dkt. 24 (my affidavit dated October 11, 2021).

8.      Specifically, solely as a result of internal issues caused by COVID-19, sufficient funds were, for the first time ever, not timely deposited into the designated account for Lender to withdraw as scheduled under the Note.

9.      On July 10, 2021, when Lender debited Borrower's account for the monthly payment, there were insufficient funds, and when funds were subsequently deposited into that account, Lender was only able to withdraw $97,402.38, leaving a balance of $16,360.90 for the July principal and interest payment.

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM

NYSCEF DOC. NO. 235

INDEX NO. 850189/2021

RECEIVED NYSCEF: 07/12/2022

10.    Borrower was unaware of the foregoing, and on August 10, 2021, Lender attempted to debit Borrower's account, which was inadvertently insufficiently funded.

11.    One day later, on August 11, 2021, Lender sent borrower a notice of default claiming that the insufficient July payment and the missed August payment were defaults under the Mortgage that "remain uncured"—though no notice to cure had been provided—and claimed that it was accelerating the entire Loan and would begin charging 24% default interest.  Lender then assigned the Note and Mortgage to Plaintiff.

12.    The next day, on August 12, 2021, Plaintiff sent Borrower a letter advising Defendants of the assignment, enclosing a "hardship declaration form" for Borrower to sign and return, which provided that certain persons and entities who have suffered financial hardship during the COVID-19 pandemic are protected from the commencement of a mortgage foreclosure action.

13.    However, the next day, on August 13, 2021, at 1:25pm—before Defendants had even *received* the August 12th letter and the hardship declaration form, let alone returned it— Plaintiff filed the instant foreclosure action.

14.    To further exert pressure upon Borrower, Plaintiff barraged Borrower's tenants with letters directing them to make payments to Plaintiff, rather than Borrower—all while Borrower is making expensive repairs to the roof and foundation of the building to remedy damage caused by Hurricane Henri and once-in-a-century Super Storm Ida.

15.    On or about September 21, 2021, Borrower tendered three checks to Plaintiff totaling $256,080.95, representing the balance of the interest and principal for the July payment, the interest and principal for the missed August payment, as well as the interest and principal for

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM    INDEX NO. 850189/2021
NYSCEF DOC. NO. 235                                   RECEIVED NYSCEF: 07/12/2022

the September payment, all together the five percent (5%) late fee contemplated by the Mortgage (¶ 20) (collectively, the "Cure Payment").

16.    Plaintiff—bespeaking of its true intentions—rejected the Cure Payment and refused to reinstate the Note and Mortgage.

**C.    Four Months Later, Plaintiff Files the Four-Month-Belated Receiver Motion**

17.    More than four months after commencing this action, Plaintiff filed the "emergency" *ex parte* motion for a receiver, primarily on the grounds that the Mortgage provides that the mortgagee is entitled to a receiver in a foreclosure action.

18.    Critically, Plaintiff did not claim, let alone submit any evidence proving, that the Property is at risk of irreparable harm in the absence of a receiver.

19.    Despite the foregoing, by decision dated May 10, 2022, Plaintiff's motion for a receiver was granted (the "Receiver Appointment Order"). Dkt. 176.

20.    On or about May 16, 2022, Defendants filed a notice of appeal of the Receiver Appointment Order and sought a stay of same from the Appellate Division. Dkt. 178.

21.    On or about May 19, 2022, the Receiver field her oath and bond. Dkt. Nos. 182-183.

22.    On or about May 24, 2022, the Receiver submitted a letter to Defendants, through counsel, setting forth an extensive laundry list of items she desired in order to take over management of the Property—which was already being run by a professional property management company—and demanding to be provided keys to the Property on less than 24 hours notice. Dkt. 209.

23.     Despite the Receiver's short notice, Defendants immediately arranged a time the very next day, convenient for the Receiver, for her to tour the Property, obtain keys/access to the Property, and meet with the tenants.[1]

24.     As the number of tenants at the Property is upwards of eighty (80), it took a significant amount of time to amass the records the Receiver sought and have them transferred to the Receiver. However, Defendants began transferring these records to the Receiver via a Drop Box.   o the e tent any items from the Receiver's initial letter are missing or still desired—an inquiry Defendants have made with the Receiver but she claims she is too busy to undertake—Defendants stand ready and willing to provide same.

25.     Specifically, on or about June 21, 2022, a representative of Borrower, Mr. Steven Yow, emailed the Receiver to introduce himself, advise that he was assisting Borrower in providing the required documentation to the Receiver, and attaching "the current rent rolls and the DHCR registrations." Attached hereto as **Exhibit A** is a copy of the June 21, 2022 email.

26.     The next day, Mr. Yow emailed the Receiver "a link to a Dropbox folder that I created where I will be uploading all of the files being requested." *Id.*

27.     By June 22, 2022, Defendants had filled the Drop Box with, *inter alia*:

- All the leases, and historical leases, for all of the tenants in the Property;

- The Rent Roll/Individual Rent Ledgers for all of the tenants at the Property;

- All the DHCR registration for the Property (which is actually four separate properties (208 E.25th Street, 210 E.25th Street, 212 E.25th Street and 214 E.25th Street);

- Building Inspection Reports for the Property;

---

[1] The Contempt Motion tacitly admits same, as the Receiver avers that she spoke with tenants two days after her May 24, 2022 letter. Dkt. 202 (Affirmation of Hayley Greenberg, dated June 18, 2022), ¶¶ 13-14.

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM                INDEX NO. 850189/2021

NYSCEF DOC. NO. 235                                              RECEIVED NYSCEF: 07/12/2022

- Building Maintenance Reports for the Property;

- Insurance information for the Property;

- Building plans for the Property; and

- Information regarding repair work that was undertaken and photographs of the Property



FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM    INDEX NO. 850189/2021

NYSCEF DOC. NO. 235                                                                    RECEIVED NYSCEF: 07/12/2022

FILED: NEW YORK COUNTY CLERK 07/12/2024 10:01 PM     INDEX NO. 850189/2021

NYSCEF DOC. NO. 235     RECEIVED NYSCEF: 07/12/2022





A copy of the June 24, 2022 email is attached hereto as **Exhibit B**.

      28.     Indeed, on June 24, 2022, Mr. Yow wrote to the Receiver that:

I've uploaded the DHCR registrations, rent rolls, tenant ledgers historical & current leases and renewals that were available to me on the Landlord's server and in YARDI. <u>What else can I provide you with?</u>

*Id.*

FILED: NEW YORK COUNTY CLERK 07/12/2022 10:01 PM          INDEX NO. 850189/2021

NYSCEF DOC. NO. 235                                       RECEIVED NYSCEF: 07/12/2022

29.    Subsequently, Defendants transmitted to the Receiver rental deposits as well as a detailed breakdown of which rents were inadvertently collected in June (because tenants had auto debits in place on their accounts).

30.    Defendants are working diligently to cooperate with the Receiver.

31.    In addition, despite the Receiver now collecting all rents for the Property, Borrower is still paying all expenses for the Property including, electric, gas, water, salary for the superintendent, building maintenance, insurance, and the cost of all building supplies.

32.    For the foregoing reasons and those set forth in the accompanying memorandum of law, Defendants respectfully request that the Contempt Motion be denied.

_____
Steven Croman

Sworn to before me this
12 day of July, 2022

_____
NOTARY PUBLIC

STEVEN YOW
Notary Public, State of New York
No. 01YO6121063
Qualified in New York County
Commission Expires Jan. 3, 20 25

*Page 9*