UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                      Chapter 11

208-214 E. 25th St. LLC,                                         Case No. 22-11610-JLG

                                              Debtor.
--------------------------------------------------------x

**SUPPLEMENTAL
DECLARATION OF DISINTERESTEDNESS
IN SUPPORT OF THE RETENTION OF
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
<u>AS ATTORNEYS TO THE DEBTOR</u>**

        Kevin J. Nash declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

        1.     I am a member of the law firm of Goldberg Weprin Finkel Goldstein LLP (the "Firm"), which maintains offices at 125 Park Avenue, 12th Floor, New York, New York 10017.

        2.     I respectfully submit this Supplemental Declaration in further support of my Firm's proposed retention as attorneys for the debtor, 208-214 E. 25th St. LLC (the "Debtor"). I am admitted to practice before this Court and believe that my firm is qualified to represent the Debtor herein.

        3.     Neither the Firm nor any member of the Firm holds an interest that would disqualify the Firm from representing the Debtor in connection with the Chapter 11 case.

        4.     I have reviewed the Debtor's schedules and compared THEM to my firm's client lists. A complete list of the names reviewed in conducting the conflicts check is annexed hereto as <u>Exhibit</u> "A". Based upon this review, to the best of my knowledge, my firm has no connection WITH any of the creditors listed in the schedules, or any of the parties to the

1

underlying foreclosure action giving rise to the commencement of the Chapter 11 case. The Debtor has been represented by the firm of Oved & Oved LLP in the foreclosure action.

5. Prior to bankruptcy, in the summer of 2022, my firm represented the Debtor in its effort to attempt to refinance the outstanding mortgage debt. The refinancing was not completed, and the Firm did not bill the Debtor for its services in connection with the potential transaction. The Firm is not a creditor in the Chapter 11 case and has not asserted a claim.

6. Historically, the Debtor also represented the Debtor in connection with the 2016 refinancing involving BankUnited N.A., for which no compensation is owed.

7. Additionally, the beneficial members of the Debtor, particularly Steven Croman, together with his numerous real estate companies, are long time clients of the Firm for decades. During this time, the Firm has represented Steven Croman and/or his various real estate companies in connection with hundreds of separate real estate matters unrelated to the Debtor and its Buildings. These prior representations do not create any actual or potential conflicts with the Debtor, and I believe that my Firm is sufficiently disinterested within the meaning of the Bankruptcy Code to serve as bankruptcy counsel.

8. I, along with J. Ted Donovan, will bear primary responsibility for this Chapter 11 case. We have considerable experience in bankruptcy matters, having appeared in the Bankruptcy Courts for the Eastern and Southern Districts of New York on a consistent basis since 1984. My firm will perform the services delineated in the Debtor's supporting application.

9. As is customary, the Firm shall maintain individual time records to identify the particular services rendered on the Debtor's behalf, listing the attorney involved, and the task performed. The Firm's current billing rates for bankruptcy matters are $685.00 per hour

for partner time, and between $275.00 to $500.00 for associate time.  In the event there are changes in the Firm's billing rates, notice will be providing in writing to the Debtor, the Court and the U.S. Trustee.

        10.    Prior to the Chapter 11 filing, my Firm received a retainer payment of $25,000 from funds deposited with the Firm by the Debtor, which will be applied to the pre-petition services, with the unused portion of approximately $10,000 to be applied to any compensation awarded in the bankruptcy case.

Dated: New York, New York  
       March 2, 2023

                                                          /s/ Kevin J. Nash, Esq.

EXHIBIT "A"

25th Street Multifamily LLC
100 Park Ave
New York, NY 10017-5516

Edward Croman
395 Pleasant Valley Way
West Orange, NJ 07052-2998

Hayley Greenberg, Esq.
Greenberg & Merola, LLP,
2280 Grand Ave Ste 202
Baldwin, NY 11510-3110

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Katsky Korins LLP
605 3rd Ave
New York, NY 10158-0180

Northwind Group
489 5th Ave Fl 28
New York, NY 10017-6117

NYC Dep't of Finance
Legal Affairs
345 Adams St Fl 3
Brooklyn, NY 11201-3719

NYC Department of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601

NYS Attorney General
28 Liberty St
New York, NY 10005-1400

NYS Dep't of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300

Steve Croman
12 E 72nd St
New York, NY 10021-4125

David L. Smith, Esq.
2 Charlton Street, Apt 7-C
New York, NY 10014

Andrea B. Schwartz, Esq.
Office of the U.S. Trustee
One Bowling Green, Suite 510
New York, NY 10004

Aaron Solomon, Esq.
Oved and Oved
401 Greenwich Street
New York, NY 10013

David Goldwasser
FIA Capital Partners, LLC
3284 N 29th Court
Suite 203N
Hollywood, FL 33020

Hon. James L. Garrity Jr.
U.S. Bankruptcy Court
One Bowling Green
New York, NY 10004